IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF GEORGIA
ATHENS DIVISION

ANDREW L. WILLIAMS,                                    Civil Action File No.

        Plaintiff,

v.

WAL-MART STORES EAST, LP

        Defendant.

                         /

## NOTICE OF REMOVAL

COMES NOW WAL-MART STORES EAST, LP, named Defendant in the above-captioned matter, by and through their counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant WAL-MART STORES EAST, LP in the Superior Court of Hart County, Georgia, which is within the Athens Division of this Court. 28 U.S.C.A. § 90(b)(1). Said lawsuit is styled as above and is numbered as Civil Action File No. 24HV0033. Plaintiff's claims against Defendant include claims of negligence.

2.

Plaintiff filed a Complaint for Damages on August 5, 2024, based on an alleged fall at Walmart store number 1111 (the "Store") located in Harwell, Hart County, Georgia.   On August 7, 2024, a Hart County Sheriff's Deputy served Coach Kayla Parham at the Store. (Exhibit "C," Declaration of Kayla Parham; Sheriff's Return of Service). Plaintiff's Complaint does not specify Plaintiff's special damages or otherwise demonstrate the amount in controversy.   Walmart was not otherwise served or notified in any way of any aspect of this litigation until after judgment against Walmart was rendered.   On January 15, 2025, the Court filed its judgment against Wal-Mart Stores East, LP for $3,300,304.91. (See Exhibit A, p. 29).   On February 18, 2025, Defendant was served through its registered agent for service, CT Corporation, with a letter from Plaintiff's counsel demanding payment of the judgment and Post-Judgment Interrogatories and Request for Production of Documents. (See Exhibit B).   Defendant WAL-MART STORSE EAST, LP files this Notice of Removal within thirty (30) days after receiving the Post-Judgment Letter and Discovery from Plaintiff.

3.

Defendant  WAL-MART  STORES  EAST,  LP  is  a  Delaware  limited partnership, of which WSE Management, LLC is the only general partner, and

WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 702 SW 8th Street, Bentonville, AR   72716.

4.

Anderw L. Williams is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

6.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

7.

Plaintiff's Complaint claimed physical, mental, and emotional injuries; pain, suffering, and discomfort; and unspecified amount of medical expenses, and, ultimately, the state court rendered judgment for $3,300,000, plus $304.91

for costs (filing fees and service fee).   Thus, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.

This removal is proper even though default judgment has been entered by the state court.   *In re Savers Federal Savings & Loan Assoc.*, 872 F.2d 963, 965-966 (11th Cir. 1989); *Hester v. Gulfstream Property and Casualty Ins. Co.*, Case No. 5:19cv170-MCR-MJF, 2019 WL 8063349, at *1 (N.D. Fla. Nov. 8, 2019) (*citing Aiken*); *Abdullah v. PennyMac Loan Services, LLC*, Civil Action No. 1:24-cv-03627-SDG-RGV, 2024 WL 5325799, at *3 (N.D. Ga. Oct. 11, 2024) (*citing Hester*); *Aiken v. Waffle House, Inc.*, 509 F.Supp.2d 541, 544-546 (D.S.C. 2007). "The proper analysis in determining whether a removal case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal." *Aiken* at 545.   Here, "because the time for filing post-judgment motions" (including, for instance, a motion to set aside pursuant to O.C.G.A. § 9-11-60) had not expired by the time of removal, "the state court still had the authority to modify, amend, or vacate the default judgment."   *Aiken* at 545.   Motions to set aside default judgment pending in state court are properly considered by the federal court after removal.   *Motley v. Option One Mortg. Corp.*, Civil Action No.

2:08cv659–WHA, 2009 WL 2059089, at *1 (M.D. Ala. July 13, 2009); *Ware v. Fleetboston Financial Corp.*, 190 Fed.Appx. 59, 63-64 (11th Cir. May 2, 2006) ("[B]ecause the state action was properly removed to federal district court under original jurisdiction, the district court had authority to set aside orders of the state court under Rule 60(b)"). "When a case is removed to federal district court under original jurisdiction 'the federal court takes it as [though] everything done in the state court had in fact been done in the federal court.'" *Ware*, 190 Fed.Appx. at 63-64 (*quoting Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). "Therefore, 'a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal.'" *Id.* at 64 (*quoting Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988)). Thus, removal was timely and proper under these circumstances.

9.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "B" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Hart County, Georgia for the above-styled case.

10.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal

bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Hart County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant WAL-MART STORES EAST, LP. pray that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Georgia, Athens Division.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E. Suite 500
Atlanta GA   30326
(404) 365-4535; (404) 364-3138 (fax)
ndeeb@mmatllaw.com

## CERTIFICATE OF SERVICE

This is to certify that on March 6, 2025, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com