⊯ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
**AUG 05, 2024 02:15 PM**

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

**IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| ANDREW L. WILLIAMS, | |
| Plaintiff, | CIVIL ACTION FILE №: |
| vs. | |
| WAL–MART STORES EAST, LP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW ANDREW WILLIAMS, Plaintiff, by and through his counsel of record and makes and files this complaint against WAL–MART STORES EAST, LP, Defendant showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a citizen of the State of Georgia, resides in Hart County, Georgia, and subjects himself to the jurisdiction of this Court.

2.

Defendant, Wal–Mart Stores East, LP, is a foreign limited partnership existing under the laws of Delaware with its principal office located at 708 SW 8th Street, Bentonville, Arkansas, is authorized to transact business in the State of Georgia, and may be served delivering a copy of the Summons and Complaint on its registered agent for service, The Corporation Company, at 112 North Main

Street, Cumming, Georgia 30040.  Defendant is subject to the jurisdiction of this Court.

3.

The above–styled caption is an action for damages because of torts, wrong, or injury that occurred at Walmart Supercenter Store 1111, 1572 Anderson Highway, Hartwell, Georgia 30643.

4.

Jurisdiction and venue are proper in this Court.

**FACTS**

5.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they fully restated verbatim herein.

6.

At all relevant times, Defendant Walmart Owned and operated Walmart Supercenter Store 1111 that is the subject of the above–styled caption.

7.

At the time of Plaintiff's fall and in the moments leading up to it, Plaintiff was exercising ordinary care for his own safety and was maintaining a proper lookout.  Nevertheless, Plaintiff fell because of the hazard that Defendant Walmart and its employees allowed to remain on the ground.

8.

As a direct and proximate result of Plaintiff slipping and falling, Plaintiff sustained serious physical, mental and emotional injuries; has endured immense pain, suffering and discomfort; and has incurred medical expenses.

### COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT

9.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

10.

On or about February 4, 2024, Plaintiff was an invitee Defendant's store.

11.

An owner or occupier of land who invites others onto its premises for business, Defendant owes a duty to invitees, including Plaintiff, to exercise ordinary care to keeps its premises and approaches safe against foreseeable risks of injury.

12.

Defendant breached that duty by:

a) Creating the hazard;

b) Allowing a slip hazard to remain on the floor;

c) Failing to barricade the hazard; and/or

d) Failing to warn Plaintiff about the hazard.

13.

As a result of the conduct of Defendant and its employees, Plaintiff slipped on a foreign substance and fell violently to the floor.

14.

Defendant was the sole and proximate cause fo the fall that resulted in Plaintiff's serious injuries, including pain, suffering, discomfort, and substantial medical expenses.

## COUNT II – IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were restated verbatim herein.

16.

At the time of the subject incident, employees of Defendant were working within the scope of their employment at Defendant's store number 1111.

17.

Defendant is responsible for the actions of its employees in the subject incident under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for the following:

a) That process issue and service be had on Defendant;

b) That judgment be granted in favor of Plaintiff and against Defendant, in an amount to be determined by the enlightened conscience of a fair and impartial jury, for past and future medical and related expenses, lost

income past and/or future and/or diminished earning capacity, and past and future pain and suffering;

c) That Plaintiff recover the costs of this action; and

d) For such other and further relief as the Court deems just and proper.

Respectfully Submitted, this 5th Day of August, 2024.

**THE VAN DORA LAW FIRM, LLC**

/s/ *Jeremiah T. Van Dora*

_____

**JEREMIAH T. VAN DORA, ESQ.**
**GEORGIA BAR NO. 798552**
**ATTORNEY FOR PLAINTIFF**

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:    (706) 377-4044
FACSIMILE:    (678) 623-3859
E-MAIL:        JVANDORA@VANDORALAW.COM

# SUPERIOR COURT OF HART COUNTY
# STATE OF GEORGIA

≡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
**R. CHRIS PHELPS**
**AUG 05, 2024 02:15 PM**

Frankie Gray, Clerk
Hart County, Georgia

CIVIL ACTION NUMBER  24HV00346

Williams, Andrew L

_____

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP

_____

**DEFENDANT**

**SUMMONS**

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jeremiah T Van Dora**
> **The Van Dora Law Firm, LLC**
> **P.O. Box 669**
> **Hartwell, Georgia 30643**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of August, 2024.**

Clerk of Superior Court

_____
Frankie Gray, Clerk
Hart County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

⊞ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**

R. CHRIS PHELPS
AUG 05, 2024 02:15 PM

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

☑ **Superior** or ☐ **State Court of** <u>Hart</u>            **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** <u>08-05-2024</u> | **Case Number** <u>24HV00346</u> |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Williams, Andrew L

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Wal-Mart Stores East, LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Van Dora, Mr. Jeremiah T</u>        **Bar Number** <u>798552</u>        **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
    **Case Number**                **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

⚙ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**
R. CHRIS PHELPS
**AUG 06, 2024 12:56 PM**

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

TO:          ALL JUDGES, CLERKS OF COURT, AND COUNSEL OF RECORD

FROM:      Jeremiah T. Van Dora

RE:          NOTICE OF LEAVE OF ABSENCE

DATE:       August 6, 2024

**COMES NOW JEREMIAH T. VAN DORA** and respectfully notifies all Judges before whom he has case pending, all affected Clerks of Court, and all opposing counsel and pro se parties that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.      The periods of leave during which time Applicant will be away from the practice of law are:

   - August 9, 2024 – Medical Appointment
   - October 1–5, 2024 – Vacation/Personal Leave
   - November 25–29, 2024 – Holiday/Personal Leave
   - December 15–31, 2024 – Holiday/Personal/Vacation
   - January 1–6, 2025 – Holiday/Personal/Vacation

2.      All affected Judges and opposing counsel shall have ten days from the date of this

Respectfully submitted,

**/s/ *Jeremiah T. Van Dora***
Jeremiah T. Van Dora
Georgia Bar No. 798552

The Van Dora Law Firm, LLC
P.O. Box 669
Hartwell, GA 30643
(706) 377-4044
jvandora@vandoralaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing *Notice of Leave of Absence* upon all parties, by Sheriff's Service, U.S. Mail or e-filing same using Odyssey eFileGA, PeachCourt, or File & Serve Xpress, depending on the specific filing requirement for each case, as identified in the attached Exhibit A.

This 6th day of August, 2024.

Respectfully submitted,

Respectfully submitted,

*/s/Jeremiah T. Van Dora*
Jeremiah T. Van Dora
Georgia Bar No. 798552

The Van Dora Law Firm, LLC
P.O. Box 669
Hartwell, GA 30643
(706) 377-4044
jvandora@vandoralaw.com

## Exhibit A

| CASE/COURT | CLERK/JUDGE | OPPOSING COUNSEL |
|---|---|---|
| *Williams v. Wal-Mart Stores East, LP* Superior Court of Hart County CAFN: 24HV00346 | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 <br><br> Hon. R. Chris Phelps Superior Court Judge Northern Judicial Circuit of Georgia P.O. Box 645 Elberton, GA 30635 | TBD |

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 24HV00346

Date Filed 8-5-2024

| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |

Georgia, HART

Attorney's Address

THE VAN DORA LAW FIRM, LLC
P.O. BOX 669
HARTWELL, GA 30643

Name and Address of Party to be Served.

WAL-MART STORES EAST, LP
1572 ANDERSON HWY
HARTWELL, GA 30643

FILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
24HV00346
R. CHRIS PHELPS
AUG 12, 2024 02:18 PM
Frankie Gray, Clerk
Hart County, Georgia

ANDREW L. WILLIAMS

Plaintiff

VS.

WAL-MART STORES EAST, LP

Defendant

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☒ Served the defendant _____ Walmart _____ a corporation by leaving a copy of the within action and summons with _____ Kayla Parham asst mgr _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 7 day of Aug , 20 24.

_____ DEPUTY

SHERIFF DOCKET_____ PAGE _____

⬡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
SEP 24, 2024 01:35 PM

Frankie Gray, Clerk
Hart County, Georgia

**IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| ANDREW L. WILLIAMS, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE № 24HV00346 |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

COMES NOW Plaintiff Andrew L. Williams ("Plaintiff") and pursuant O.C.G.A. § 9-11-55 and Uniform Superior Court Rule 15 moves this Court for entry of default judgment against Defendant Wal-Mart Stores East, LP ("Defendant") for failure to file a timely answer pursuant to O.C.G.A. § 9-11-55 and shows the Court the following:

1.

On August 5, 2024, the Plaintiff filed this action against the Defendant in Hart County Superior Court. (Summons & Complaint, Exhibit "1").

2.

On August 7, 2024, Deputy Lamar Spears, Badge No. 7319, of the Hart County Sheriff's Office served Kayla Parham, assistant store manager fo the Defendant's Wal-Mart Store #1111 with each of the following: (a) SUMMONS, (b) COMPLAINT FOR DAMAGES, and (c) CASE FILING INFORMATION FORM. Said service upon Parham constituted valid service upon this action upon Defendant. *See* O.C.G.A. § 9-11-4(e)(1)(A), (B); also S.D.E. Inc. v. Finley, 340 Ga. App. 684 (2017). (Sheriff's Entry of Service, Exhibit "2").

3.

Deputy Spears Return of Service for his August 7, 2024 service on Defendant was filed with the Clerk of Court of Hart County Superior Court on August 12, 2024. (Sheriff's Entry of Service, Exhibit "2").

4.

The 30th day following Defendant being served with Summons and Complaint for this action was Friday, September 6, 2024.  Defendant failed to file an answer within 30 days of being served with summons and complaint for this action and the case went into automatic default.  O.C.G.A. § 9-11-55

5.

Defendant failed to open the default during the 15-day grace period following the case going into automatic default.  The 15-day grace period to open the default as a matter of right expired on Monday, September 23, 2024.

6.

As of the present date, Plaintiff certifies the Defendant has not filed any pleadings in this action seeking to open default or otherwise.

7.

Plaintiff's counsel certifies that he as spoken to the clerk of the court and reviewed the filed pleadings in the case and can find no evidence of the defendant having filed an answer in the case.  (Rule 15 Certificate of Default, Exhibit "3").

8.

Accordingly, Plaintiff is entitled to a judgment by default against Defendant as if every item and paragraph of Plaintiff's Complaint for Damages were supported by proper evidence, without the intervention of a jury, as to all issues.

WHEREFORE, Plaintiff Andrew L. Williams prays for the following:

   (a)    That a default judgment be entered against Defendant Wal-Mart Stores East, LP as to all issues; and

   (b)    That a hearing be scheduled either in chambers or in open court for Plaintiff to introduce evidence to establish his damages resulting from the Defendant's tortious conduct subject of this action and final judgment establishing Plaintiff's unliquidated damages be entered against the Defendant.

This 24th day of September, 2024.

Respectfully submitted,

**THE VAN DORA LAW FIRM, LLC**

/s/ *Jeremiah T. Van Dora*

_____

**JEREMIAH T. VAN DORA, ESQ.**
**GEORGIA BAR NO. 798552**
**ATTORNEY FOR PLAINTIFF**

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:     (706) 377-4044
FACSIMILE:     (678) 623-3859
E-MAIL:     JVANDORA@VANDORALAW.COM

# EXHIBIT 1
## SUMMONS & COMPLAINT

# SUPERIOR COURT OF HART COUNTY
# STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
AUG 05, 2024 02:15 PM

Frankie Gray, Clerk
Hart County, Georgia

CIVIL ACTION NUMBER   24HV00346

Williams, Andrew L

_____

**PLAINTIFF**
                                        **VS.**

Wal-Mart Stores East, LP

_____

**DEFENDANT**


**SUMMONS**

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jeremiah T Van Dora**
**The Van Dora Law Firm, LLC**
**P.O. Box 669**
**Hartwell, Georgia 30643**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of August, 2024.**

Clerk of Superior Court


_____
Frankie Gray, Clerk
Hart County, Georgia


**EXHIBIT**

**1**

Page 1 of 1

⊞ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
AUG 05, 2024 02:15 PM

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

**IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA**

ANDREW L. WILLIAMS,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE №:

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

COMES NOW ANDREW WILLIAMS, Plaintiff, by and through his counsel of record and makes and files this complaint against WAL-MART STORES EAST, LP, Defendant showing this Honorable Court the following:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff is a citizen of the State of Georgia, resides in Hart County, Georgia, and subjects himself to the jurisdiction of this Court.

2.

Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership existing under the laws of Delaware with its principal office located at 708 SW 8th Street, Bentonville, Arkansas, is authorized to transact business in the State of Georgia, and may be served delivering a copy of the Summons and Complaint on its registered agent for service, The Corporation Company, at 112 North Main

**EXHIBIT
1**

Street, Cumming, Georgia 30040.  Defendant is subject to the jurisdiction of this Court.

3.

The above-styled caption is an action for damages because of torts, wrong, or injury that occurred at Walmart Supercenter Store 1111, 1572 Anderson Highway, Hartwell, Georgia 30643.

4.

Jurisdiction and venue are proper in this Court.

## FACTS

5.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they fully restated verbatim herein.

6.

At all relevant times, Defendant Walmart Owned and operated Walmart Supercenter Store 1111 that is the subject of the above-styled caption.

7.

At the time of Plaintiff's fall and in the moments leading up to it, Plaintiff was exercising ordinary care for his own safety and was maintaining a proper lookout.  Nevertheless, Plaintiff fell because of the hazard that Defendant Walmart and its employees allowed to remain on the ground.



**EXHIBIT**

1

8.

As a direct and proximate result of Plaintiff slipping and falling, Plaintiff sustained serious physical, mental and emotional injuries; has endured immense pain, suffering and discomfort; and has incurred medical expenses.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT

9.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

10.

On or about February 4, 2024, Plaintiff was an invitee Defendant's store.

11.

An owner or occupier of land who invites others onto its premises for business, Defendant owes a duty to invitees, including Plaintiff, to exercise ordinary care to keeps its premises and approaches safe against foreseeable risks of injury.

12.

Defendant breached that duty by:

a) Creating the hazard;

b) Allowing a slip hazard to remain on the floor;

c) Failing to barricade the hazard; and/or

d) Failing to warn Plaintiff about the hazard.

EXHIBIT

1

13.

As a result of the conduct of Defendant and its employees, Plaintiff slipped on a foreign substance and fell violently to the floor.

14.

Defendant was the sole and proximate cause fo the fall that resulted in Plaintiff's serious injuries, including pain, suffering, discomfort, and substantial medical expenses.

**COUNT II – IMPUTED LIABILITY**

15.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were restated verbatim herein.

16.

At the time of the subject incident, employees of Defendant were working within the scope of their employment at Defendant's store number 1111.

17.

Defendant is responsible for the actions of its employees in the subject incident under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for the following:

a) That process issue and service be had on Defendant;

b) That judgment be granted in favor of Plaintiff and against Defendant, in an amount to be determined by the enlightened conscience of a fair and impartial jury, for past and future medical and related expenses, lost

EXHIBIT

1

income past and/or future and/or diminished earning capacity, and past and future pain and suffering;

c)  That Plaintiff recover the costs of this action; and

d)  For such other and further relief as the Court deems just and proper.

Respectfully Submitted, this 5th Day of August, 2024.

THE VAN DORA LAW FIRM, LLC

/s/ *Jeremiah T. Van Dora*

_____

JEREMIAH T. VAN DORA, ESQ.
GEORGIA BAR NO. 798552
ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:    (706) 377-4044
FACSIMILE:    (678) 623-3859
E-MAIL:        JVANDORA@VANDORALAW.COM

**EXHIBIT**

**1**

## General Civil and Domestic Relations Case Filing Information Form

≣ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**
R. CHRIS PHELPS
AUG 05, 2024 02:15 PM

Frankie Gray, Clerk
Hart County, Georgia

☑ **Superior or** ☐ **State Court of** _Hart_ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _08-05-2024_ **MM-DD-YYYY** | **Case Number** _24HV00346_ |

### Plaintiff(s)

Williams, Andrew L

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

### Defendant(s)

Wal-Mart Stores East, LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Van Dora, Mr. Jeremiah T_    **Bar Number** _798552_    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

**EXHIBIT**

**1**

Version 1.1.20

# EXHIBIT 2
## SHERIFF'S ENTRY OF SERVICE

SHERIFF'S ENTRY OF SERVICE

Civil Action No. __24HV00346__

Date Filed __8-5-2024__

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |

Georgia, __HART__ COUNTY

FILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
AUG 12, 2024 02:18 PM
Frankie Gray, Clerk
Hart County, Georgia

| | |
|---|---|
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Attorney's Address

THE VAN DORA LAW FIRM, LLC
P.O. BOX 669
HARTWELL, GA 30643

Name and Address of Party to be Served.

WAL-MART STORES EAST, LP
1572 ANDERSON HWY
HARTWELL, GA 30643

ANDREW L. WILLI__
_____ Plaintiff

VS.

WAL-MART STORES EAST, LP
_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☒ Served the defendant ___Walmart___ a corporation by leaving a copy of the within action and summons with ___Kayla Parham asst mgr___ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __7__ day of __Aug__, 20 __24__.

_____ DEPUTY

EXHIBIT
2

SHERIFF DOCKET _____ PAGE _____

# EXHIBIT 3
## PLAINTIFF'S RULE 15 CERTIFICATE OF DEFAULT

**IN THE SUPERIOR COURT OF HART COUNTY**
**STATE OF GEORGIA**

ANDREW L. WILLIAMS,

      Plaintiff,

vs.

WAL–MART STORES EAST, LP,

      Defendant.

CIVIL ACTION FILE №: 24HV00346

---

## PLAINTIFF'S RULE 15 CERTIFICATE OF DEFAULT

In compliance with Uniform Superior Court Rule 15 regarding Default Judgments, I hereby certify that the Complaint for Damages in the above–styled action was filed on August 5, 2024, that service of the Complaint and Summons were lawfully served on Defendant Wal–Mart Stores East, LP on August 7, 2024 by Deputy Lamar Spears of the Hart County Sheriff's Office, and on August 12, 2024, I filed the Return of Service prepared by Deputy Spears with the Clerk of Hart Superior Court in this action via PeachCourt.

I further certify that immediately prior to filing Plaintiff's Motion for Entry of Default Judgment, I personally inspected the respective records of the Clerk of Hart Superior Court and PeachCourt for the above–styled action and, as shown by the respective records of the Clerk and PeachCourt, no answer or responsive pleading of any kind has been filed to date by Defendant Wal–Mart Stores East, LP in the above–styled action.

This 24th day of September, 2024.

      Respectfully submitted,

      **THE VAN DORA LAW FIRM, LLC**

      **/s/ Jeremiah T. Van Dora**
      JEREMIAH T. VAN DORA
      GEORGIA BAR NO. 798552
      ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:   (706) 377–4044
FACSIMILE:   (678) 623–3859
E–MAIL:     JVANDORA@VANDORALAW.COM

**EXHIBIT**

**3**

⁑ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**
R. CHRIS PHELPS
SEP 24, 2024 01:35 PM

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

**IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA**

ANDREW L. WILLIAMS,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE №: 24HV00346

---

## PLAINTIFF'S RULE 15 CERTIFICATE OF DEFAULT

    In compliance with Uniform Superior Court Rule 15 regarding Default Judgments, I hereby certify that the Complaint for Damages in the above-styled action was filed on August 5, 2024, that service of the Complaint and Summons were lawfully served on Defendant Wal-Mart Stores East, LP on August 7, 2024 by Deputy Lamar Spears of the Hart County Sheriff's Office, and on August 12, 2024, I filed the Return of Service prepared by Deputy Spears with the Clerk of Hart Superior Court in this action via PeachCourt.

    I further certify that immediately prior to filing Plaintiff's Motion for Entry of Default Judgment, I personally inspected the respective records of the Clerk of Hart Superior Court and PeachCourt for the above-styled action and, as shown by the respective records of the Clerk and PeachCourt, no answer or responsive pleading of any kind has been filed to date by Defendant Wal-Mart Stores East, LP in the above-styled action.

    This 24th day of September, 2024.

            Respectfully submitted,

            **THE VAN DORA LAW FIRM, LLC**

            **/s/ Jeremiah T. Van Dora**
            JEREMIAH T. VAN DORA
            GEORGIA BAR NO. 798552
            ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:   (706) 377-4044
FACSIMILE:   (678) 623-3859
E-MAIL:      JVANDORA@VANDORALAW.COM

**IN THE SUPERIOR COURT OF HART COUNTY**
**STATE OF GEORGIA**

ANDREW L. WILLIAMS,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE №: 24HV00346

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

This case is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendant Wal-Mart Stores East, LP.  Having reviewed and considered the entire case file, the Court finds Defendant Wal-Mart Stores East, LP was properly served with the Summons and Complaint, that Defendant Wal-Mart Stores East, LP failed to file an Answer within thirty (30) days of service or timely open default as a matter of right, and that Defendant Wal-Mart Stores East, LP is presently in default.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff Andrew L. Williams is entitled to verdict and judgment by default against Defendant Wal-Mart Stores East, LP as if every item and paragraph in Plaintiff's Complaint for Damages were supported by proper evidence without the intervention of a jury, as to all issues.

**IF IS FURTHER ORDERED** that on a date and time yet to be set by the Court, the Court will conduct an evidentiary hearing with respect to unliquidated damages claimed by Plaintiff Andrew L. Williams.  Plaintiff's counsel shall be

prepared to present a proposed judgment for Plaintiff's unliquidated damages at said hearing.

**IT IS SO ORDERED AND ADJUDGED** this _____ day of _____, 2024.

_____

Hon. R. Chris Phelps, Chief Judge
Superior Courts, Northern Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**
**R. CHRIS PHELPS**
**SEP 25, 2024 12:03 PM**

Frankie Gray, Clerk
Hart County, Georgia

### IN THE SUPERIOR COURT OF HART COUNTY
### STATE OF GEORGIA

ANDREW L. WILLIAMS,

    Plaintiff,

VS.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE №: 24HV00346

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

This case is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendant Wal-Mart Stores East, LP.  Having reviewed and considered the entire case file, the Court finds Defendant Wal-Mart Stores East, LP was properly served with the Summons and Complaint, that Defendant Wal-Mart Stores East, LP failed to file an Answer within thirty (30) days of service or timely open default as a matter of right, and that Defendant Wal-Mart Stores East, LP is presently in default.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff Andrew L. Williams is entitled to verdict and judgment by default against Defendant Wal-Mart Stores East, LP as if every item and paragraph in Plaintiff's Complaint for Damages were supported by proper evidence without the intervention of a jury, as to all issues.

**IF IS FURTHER ORDERED** that on a date and time yet to be set by the Court, the Court will conduct an evidentiary hearing with respect to unliquidated damages claimed by Plaintiff Andrew L. Williams.  Plaintiff's counsel shall be

prepared to present a proposed judgment for Plaintiff's unliquidated damages at said hearing.

**IT IS SO ORDERED AND ADJUDGED** this _____25th_____ day of _September_, 2024.

_____
Hon. R. Chris Phelps, Chief Judge
Superior Courts, Northern Judicial Circuit

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
R. CHRIS PHELPS
DEC 11, 2024 01:36 PM

Frankie Gray, Clerk
Hart County, Georgia

## IN THE SUPERIOR COURT OF HART COUNTY
## STATE OF GEORGIA

ANDREW L. WILLIAMS,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE № : 24HV00346

## RULE NISI

Plaintiff is hereby ordered to appear on the 10th day of January, 2025 at 9:30 AM in the Superior Court Courtroom at the Hart County Courthouse in Hartwell, Georgia to present evidence to establish damages in the above-styled action.

SO ORDERED this ___11___ day of December , 2024.

_____
Deputy Clerk of Court
Superior Court of Hart County

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**

R. CHRIS PHELPS
JAN 15, 2025 10:27 AM

Frankie Gray, Clerk
Hart County, Georgia

### IN THE SUPERIOR COURT OF HART COUNTY
### STATE OF GEORGIA

ANDREW L. WILLIAMS,
　　Plaintiff,

vs.

WAL-MART STORES EAST, LP,
　　Defendant.

CIVIL ACTION FILE №: 24HV00346

## JUDGMENT

A default judgment was issued against the Defendant on September 25, 2024. Pursuant to Rule Nisi issued December 11, 2024, this action was scheduled for a hearing on January 10, 2024 for the Court to receive evidence of Plaintiff's damages alleged and sought in his Complaint for Damages in the above-styled action. This hearing was postponed and rescheduled for January 15, 2025 due to the winter storm.

Upon consideration of the evidence and applicable Georgia law, the Court hereby finds and awards Plaintiff Andrew L. Williams the sum of $3,300,000.00 for all damages alleged, claimed and sought in his Complaint for Damages.

Court costs totaling 304.91 ($254.91 filing fees and $50.00 service fee) are taxed against Defendant Wal-Mart Stores East, LP.

**IT IS ORDERED AND ADJUDGED** that Plaintiff Andrew L. Williams have judgment against Defendant Wal-Mart Stores East, LP in the total sum of $3,300,304.91.

**IT IS SO ORDERED AND ADJUDGED** this 15th day of January, 2025.

R. Chris Phelps, Judge
Superior Courts, Northern Judicial Circuit

**General Civil and Domestic Relations Case Disposition Information Form**

⊜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**

**R. CHRIS PHELPS**
**JAN 15, 2025 10:27 AM**

☑ **Superior Court of** HART _____ **County**

Frankie Gray
Frankie Gray, Clerk
Hart County, Georgia

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Disposed** 01-15-2025 | **Case Number** 24HV00346 |
| **MM-DD-YYYY** | |
| | **Case Style** Williams v. Wal-Mart Stores East, LP |

**Plaintiff(s)**

| | | | | |
|---|---|---|---|---|
| Williams | Andrew | L | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

| | | | | |
|---|---|---|---|---|
| Wal-Mart | Stores East, | LP | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Reporting Party** Plaintiff _____

**Plaintiff's Attorney** Jeremiah T. Van Dora, Esq. _____ **State Bar Number** 798552 _____ **Self-Represented** ☐

**Defendant's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Manner of Disposition**
**Check Only One**

☐ **Jury Trial**
☑ **Bench/Non-Jury Trial**
☐ **Non-Trial Disposition, such as:**
☐ **Alternative Dispute Resolution**

☐ Check if any party was self-represented at any point during the life of the case.

☐ Check if the court ordered an interpreter for any party, witness, or other involved individual.

☐ Check if the case was referred/ordered to a court-annexed alternative dispute resolution process.

Version 1.1.20

▓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA

**24HV00346**
R. CHRIS PHELPS
FEB 17, 2025 02:21 PM

*Frankie Gray*
Frankie Gray, Clerk
Hart County, Georgia

**IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA**

ANDREW L. WILLIAMS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

CIVIL ACTION FILE №: 24HV00346

---

## CERTIFICATE OF DISCOVERY FILING PURSUANT TO RULE 5.2 OF THE UNIFORM COURT RULES

---

Pursuant to Uniform Superior Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiff, Andrew L. Williams, served copies of the following:

1.    Plaintiff's First Post-Judgment Interrogatories and Request for Production of Documents to Wal-Mart Stores East, LP.

by Statutory Overnight Delivery, postage prepaid and properly addressed as follows:

Respectfully Submitted, this 17th Day of February, 2025.

                              THE VAN DORA LAW FIRM, LLC

                              */s/ Jeremiah T. Van Dora*
                              JEREMIAH T. VAN DORA, ESQ.
                              GEORGIA BAR NO. 798552
                              ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:   (706) 377-4044
FACSIMILE:   (678) 623-3859
E-MAIL:      JVANDORA@VANDORALAW.COM

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **CERTIFICATE OF DISCOVERY FILING PURSUANT TO RULE 5.2 OF THE UNIFORM COURT RULES** by FedEx Statutory Overnight Delivery, and addressed as follows:

**Wal-Mart Stores East, LP**
**c/o The Corporation Company (Registered Agent)**
**410 Peachtree Parkway, Suite 4245**
**Cumming, GA 30041**

This the 17th day of February 2025.

**THE VAN DORA LAW FIRM, LLC**

*/s/ Jeremiah T. Van Dora*
Jeremiah T. Van Dora
Attorney for Plaintiff
Georgia State Bar No. 798552



⧉ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HART COUNTY, GEORGIA
**24HV00346**
**R. CHRIS PHELPS**
**FEB 21, 2025 11:23 AM**

Frankie Gray, Clerk
Hart County, Georgia

TO:          ALL JUDGES, CLERKS OF COURT, AND COUNSEL OF RECORD

FROM:      Jeremiah T. Van Dora

RE:          NOTICE OF LEAVE OF ABSENCE

DATE:       February 21, 2025

**COMES NOW JEREMIAH T. VAN DORA** and respectfully notifies all Judges before whom he has case pending, all affected Clerks of Court, and all opposing counsel and pro se parties that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.      The periods of leave during which time Applicant will be away from the practice of law are:

   - March 26, 2025 – Personal
   - April 7–11, 2025 – Children's Spring Break/Vacation
   - April 23 –25, 2025 – CLE
   - August 8, 2025 – Doctor Appointment
   - August 15, 2025 – Doctor Appointment
   - September 30 – October 3, 2025 – Vacation/Personal
   - November 24–28, 2025 – Holiday/Family Travel
   - December 15, 2025 – January 7, 2026 – Holiday/Travel/Personal

2.      All affected Judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted,

**/s/ Jeremiah T. Van Dora**
Jeremiah T. Van Dora
Georgia Bar No. 798552

The Van Dora Law Firm, LLC
P.O. Box 669
Hartwell, GA 30643
(706) 377–4044
jvandora@vandoralaw.com



## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing *Notice of Leave of Absence* upon all parties, by U.S. Mail, email, or e-filing same using Odyssey eFileGA, PeachCourt, or File & Serve Xpress, depending on the specific filing requirement for each case, as identified in the attached Exhibit A.

This 21st day of February 2025.

Respectfully submitted,

Respectfully submitted,

**/s/ *Jeremiah T. Van Dora***
Jeremiah T. Van Dora
Georgia Bar No. 798552

The Van Dora Law Firm, LLC
P.O. Box 669
Hartwell, GA 30643
(706) 377-4044
jvandora@vandoralaw.com



## **Exhibit A**

| CASE/COURT | CLERK/JUDGE | OPPOSING COUNSEL |
|---|---|---|
| *Martin v. Ensley* Superior Court of Stephens County CAFN: SUCV2022000213 | Mr. Timothy D. Quick Clerk of Superior Court, Stephens Co. 70 N. Alexander Street Suite 202 Toccoa, GA 30577 Judge Smith | Michael Broun, Esq. Michael.Broun@cowsertheath.com |
| *Williams v. Smith* Superior Court of Hart County CAFN: 23HV00424 | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 Judge J. Christopher NeSmith | Tony Hassan, Esq. tohassan@geico.com  Ian Kehler, Esq. ik@gmkelaw.com |
| *Crosson v. Munday* Superior Court of Hart County CAFN: 23HV00388 | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 Judge Harvey Wasserman | Pro- Se Cathy Crosson 114 Frances Place Carrollton, GA 30117 |
| ALL JUVENILE COURT CASES IN THE NORTHERN JUDICIAL CIRCUIT OF GEORGIA that Jeremiah T. Van Dora is counsel of record on. | Hon. Warren C. Caswell P.O. Box 318 Ila, GA 30647 | Kevin McFarlin, Vivian Wood, Connor McGill, Chris Dyal, Ronnie Jones, Erica Roquemore, Matt Easom, Robin Cato, David Jordan, Doug Kidd, Chad Hunt, Megan Whetsel, Cody Whetsel, Dennis Helmrich |
| *Allen v. Newsom* State Court of Cherokee County CAFN: 24SCE1112 | Ms. Patty Baker Clerk of State Court Cherokee County 90 North Street Suite G-170 Canton, GA 30114 Judge W. Alan Jordan | Moises Patlan, Esq. mpatlan@waldonedelman.com  Nazish Ahmed, Esq. Nazish.ahmed@statefarm.com  Melissa Roth, Esq. atlantalegalservice@libertymutual.com |
| *Thompson v. Poole* Superior Court of Madison Co. CAFN: 24M00394 | Ms. Katie Cross Madison Co. Clerk of Court P.O. Box 247 Danielsville, GA 30633 Judge R. Chris Phelps | William Cowsert, Esq. Bill.Cowsert@cowsertheath.com  Shephard Smith, Esq. ssmith@jamesbatesllp.com |



| CASE/COURT | CLERK/JUDGE | OPPOSING COUNSEL |
|---|---|---|
| *Roque v. McCall* Superior Court of Elbert County CAFN: SUEV2024000317 | Ms. Leigh W. Starrett Elbert Co. Clerk of Court P.O. Box 619 Elberton, GA 30635 Judge R. Chris Phelps | Samantha Embry, Esq. attorney@embryatlaw.com |
| *Bryson & Bryson v. Chappuis, et al.* State Court of Fulton Co. CAFN: 24EV010033 | Fulton Co. State Court Clerk Civil Division 185 Central Ave., SW Ground Floor, Suite TF-400 Atlanta, GA 30303 Judge Susan Edlein | Alexandra Seay, Esq. aes@birdlawgroup.com  Chelsea Murphy, Esq. cmurphy@lhefirm.com  Ted Lavender, Esq. tlavender@lhefirm.com |
| *Smith et al v. Smart* Superior Court of Hart County CAFN: 24HV00574 | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 Judge R. Chris Phelps | Jason Darnielle, Esq. jdarneille@gwdlawfirm.com |
| *Ramsey v. Chiang et al* Superior Court of Hart County CAFN: 25HV00029a | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 Judge R. Chris Phelps | No Counsel Entered Yet |
| *Williams v. Wal-Mart Stores East, LP* Superior Court of Hart County CAFN: 24HV00346 | Mr. Frankie Gray Clerk of Superior Court of Hart County P.O. Box 386 Hartwell, GA 30643 Judge R. Chris Phelps | Nicholas E. Deeb, Esq. ndeeb@mmatllaw.com |

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,                                Civil Action File No.
                                                   24HV00346
           Plaintiff,

v.

WAL-MART STORES EAST, LP

           Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP. and, after

paying court costs, makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which

relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

Page | 1

himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Fault and damages must be apportioned among the appropriate parties and non-parties as required by law.

## SEVENTH DEFENSE

Any injury or damage alleged by Plaintiffs was proximately caused by the actions and conduct of persons other than Defendant and beyond the control of Defendant.

## EIGHTH DEFENSE

Defendant did not have knowledge of any hazard prior to the incident, and, thus, did not have superior knowledge of any hazard.

## NINTH DEFENSE

The hazard existed for an insufficient amount of time to be discovered by a reasonable inspection procedure as a matter of law.

## TENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint. Jurisdiction is proper now in U.S. District Court for the Middle District of Georgia, Athens Division.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint. Jurisdiction and venue are proper now in U.S. District Court for the

Middle District of Georgia, Athens Division.

## FACTS

5.

Defendants re-alleges and incorporates Paragraphs 1 through 4 above as if fully set forth, herein.

6.

Defendant admits that it operated the subject Store, but, otherwise, denies the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT

9.

Defendant re-alleges and incorporates Paragraphs 1 through 8 above as if fully set forth, herein.

10.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12, including subparagraphs (a), (b), (c), and (d)of the Plaintiff's Complaint

13.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

## **COUNT II – IMPUTED LIABILITY**

15.

Defendants re-alleges and incorporates Paragraphs 1 through 14 above as if fully set forth, herein.

16.

Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

19.

Defendant denies Plaintiff's prayer for relief, including all subparagraphs (a), (b), (c), and (d) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 110725
Attorney for Defendant  WMSE

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326; (404) 365-4535; ndeeb@mmatllaw.com

Page | 6

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This 6th day of March, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 110725
Attorney for Defendant
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,                                      Civil Action File No.
                                                              24HV00346
              Plaintiff,

v.

WAL-MART STORES EAST, LP

              Defendant.

_____/

## VERIFICATION OF ANSWER

Personally appeared before me, the undersigned officer duly authorized to administer

oaths, Nicholas DiMarco, who after first being sworn, deposes and states:

I, Nicholas DiMarco, am the Asset Protection Operations Coach for Walmart store

number 1111 located at 1572 Anderson Hwy., Hartwell, Georgia 30643, and I am a

representative of Defendant Wal-Mart Stores East, LP herein; that I have read the

foregoing Answer, and know the contents thereof, and that the same is true to the best of my

knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

This 6 day of March, 2025.

Nicholas DiMarco
Printed Name: Nicholas DiMarco
Position: Asset Protection Operations Coach

Sworn to me and subscribed
before me this 6 day of
March, 2025.

Notary Public Mae Osden Kinder

My Commission Expires: 11/17/26

Page 1 of 1

MAE ASDEN KINDER
NOTARY PUBLIC
Hart County, Georgia
My Commission Expires 11/17/26

IN THE SUPERIOR   COURT OF HART COUNTY
STATE OF GEORGIA


ANDREW L. WILLIAMS,                                  Civil Action File No.
                                                    24HV00346
              Plaintiff,

v.

WAL-MART STORES EAST, LP


              Defendant.

_____/

## **12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.


                                   McLAIN & MERRITT, P.C.

                                   /s/ Nicholas E. Deeb
                                   Nicholas E. Deeb
                                   Georgia Bar No. 117025
                                   Attorney for Defendant
                                   WAL-MART STORES EAST, LP



3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 266-9171
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This 6th day of March, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 266-9171
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA


ANDREW L. WILLIAMS,                                   Civil Action File No.
                                                     24HV00346
                 Plaintiff,

v.

WAL-MART STORES EAST, LP

                 Defendant.

_____/


**DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO SET
ASIDE, OPEN DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE,
FOR NEW TRIAL**

COMES NOW Defendant Wal-Mart Stores East, LP, and, pursuant to

O.C.G.A. §§ 9-11-55, 9-11-60, 5-5-40, 5-5-41, 5-5-20, 5-5-21, Fed. R. Civ. Proc.

59, and Fed. R. Civ. Proc. 60,[1] hereby moves to set aside default judgment and open

default so as to allow Walmart to defend this case on the merits, or, in the alternative,

for new trial because the verdict is contrary to law, evidence, and strongly against

the weight of the evidence. In support of this Motion, Defendant pays costs, files an

---

[1] Contemporaneously with the filing of this Motion, Walmart is filing a Notice of Removal, and is removing this case to federal court on the basis of diversity jurisdiction. "Once a civil case is removed to federal court, the Federal Rules of Civil Procedure apply to that action." *Amin-Patel v. Emory Univ.*, CIVIL ACTION FILE NO. 1:19-CV-1213-MHC, 2019 WL 13268143, at *2 (N.D. Ga. July 8, 2019) (*citing* Fed. R. Civ. P. 81(c)(1)). For this reason, the brief in support of this Motion cites the federal rules and case law that will be applied by the district court after removal in addition to the Georgia equivalents.

Page | 1

Answer instanter under oath, announces ready for trial, submits the attached Brief in Support, and the following exhibits:

A. Affidavit of Food & Consumables Coach Kayla Parham

B. Affidavit of Asset Protection Operations Coach Nick DiMarco

C. Affidavit of Associate Brittany Wilson

D. Video-1 (Part 1 and Part 2)

E. Video-2 (Part 1 and Part 2)

F. Still Shots from First Camera Angle

G. Still Shots from Second Camera Angle

H. Picture of Spill

I. Associate Witness Statement of Aunwan Murray

J. Georgia State of Emergency Orders and Press Release

K. Picture of Soup Container Dropped by Customer

L. Typed Incident Report

M. Associate Witness Statement of Gwendolyn Fisher

N. Letter from Plaintiff's Counsel

Because Walmart properly removes this case to federal court contemporaneously with this Motion, Walmart requests a hearing be set equivalent to a rule nisi in federal court.

WHEREFORE, Walmart respectfully requests that this Motion be granted.

Respectfully submitted,

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326; (404) 266-9171
ndeeb@mmatllaw.com


**RULE NISI/REQUEST FOR HEARING IN
FOR FEDERAL COURT AFTER REMOVAL**

The above motion having been read and considered, let the same be filed and served

pursuant to law and *Andrew Williams* is hereby required to show cause before me

at _____ o'clock, *[A.M./P.M.]*, on the _____ day

of _____, _____, at _____, why

said motion should not be granted.

This _____ day of _____, _____.


_____

The Honorable _____

_____

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 6, 2025, I electronically filed DEFENDANT

WAL-MART STORES EAST, LP'S MOTION TO SET ASIDE, OPEN DEFAULT

JUDGMENT, OR, IN THE ALTERNATIVE, FOR NEW TRIAL with the Clerk of

Court using the Peachcourt E-filing system, and that I have this day served counsel

for the opposing party in the foregoing matter with a copy by depositing said copy

in the U. S. Mail in a properly addressed envelope with adequate postage thereon, as

follows:

> Jeremiah T. Van Dora
> The Van Dora Law Firm, LLC
> Post Office Box 669
> Hartwell, Georgia 30643

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326
(404) 266-9171
ndeeb@mmatllaw.com

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,                                    Civil Action File No.
                                                       24HV00346
            Plaintiff,

v.

WAL-MART STORES EAST, LP

            Defendant.
_____/

**DEFENDANT WAL-MART STORES EAST, LP'S BRIEF IN SUPPORT OF
ITS MOTION TO SET ASIDE DEFAULT JUDGMENT, OPEN DEFAULT,
OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

COMES NOW Defendant Wal-Mart Stores East, LP, by and through

undersigned counsel, and, pursuant to O.C.G.A. §§ 9-11-55, 9-11-60, 5-5-40, 5-5-

41, Fed. R. Civ. Proc. 59, and Fed. R. Civ. Proc. 60,[1] respectfully moves to set

---

[1] Contemporaneously with the filing of this Motion, Walmart is filing a Notice of Removal, and is removing this case to federal court on the basis of diversity jurisdiction. "Once a civil case is removed to federal court, the Federal Rules of Civil Procedure apply to that action." *Amin-Patel v. Emory Univ.*, CIVIL ACTION FILE NO. 1:19-CV-1213-MHC, 2019 WL 13268143, at *2 (N.D. Ga. July 8, 2019) (*citing* Fed. R. Civ. P. 81(c)(1)). For this reason, the brief in support of this Motion cites the federal rules and case law that will be applied by the district court after removal in addition to the Georgia equivalents.

Page  1

aside the judgment issued on January 15, 2025; to set aside the default judgment issued on September 25, 2024; and to open the default; or, in the alternative, to grant new trial. As demonstrated below, the failure to file an answer to the Complaint was the result of excusable neglect, there is good cause open the default, and Walmart has a meritorious defense. In support of this Motion, Walmart pays court costs, file an Answer instanter under oath, and announces that it is ready for trial. For these reasons, the Court should grant this Motion and allow Walmart to defend this case on the merits.

## I. BACKGROUND AND FACTS

### a. The lawsuit

On February 4, 2024, Plaintiff Williams allegedly slipped and fell at a Walmart store in Hartwell, Georgia. On August 5, 2024, Plaintiff sued Walmart in the Superior Court of Hart County, Georgia.

### b. Circumstances of the sheriff's service on the Store

On August 3, 2024, Georgia's Governor issued an executive order declaring a state of emergency for the entire State due to Tropical Storm Debby. (Exhibit "A," Affidavit of Food & Consumables Coach Kayla Parham ("Parham Aff.") ¶¶ 1-3; Exhibit "J," Georgia State of Emergency Orders and

Page 2

Press Release; Exhibit "B," Affidavit of Nick DiMarco ("DiMarco Aff.") ¶ 5). The state of emergency, which the Governor extended several times, lasted through August 20.   (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 5; Ex. J, Georgia State of Emergency Orders and Press Release).

Walmart often experiences substantially increased demand before and during major weather events, as people stock up on food and merchandise in preparation for it and, especially in the case of the Hartwell store during this storm, as other people traveled to the area to avoid the most direct storm path. (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 5).   As a result, during that time, the store was preparing for disruptions, not only from the storm itself, but from the anticipated heightened demand.   (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 5).

Kayla Parham was a manager at the store.   She managed the Food and Consumables department, which, as is typical with weather events, was the most stressed department.   (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 5).

During the declared emergency, on August 7, 2024, a sheriff's deputy served Plaintiff's lawsuit papers on Parham while she was working at the store. (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 5).

Page  3

c. <u>The store's system and procedural safeguards regarding service</u>

The store's Asset Protection Operations Coach, Nick DiMarco, was responsible for transmitting legal documents served at the store to Walmart's legal department.   (Ex. B, DiMarco Aff. ¶¶ 1-2).   The store has a system and procedural safeguards for ensuring that transmittal. (Ex. B, DiMarco Aff. ¶ 2; Ex. A, Parham Aff. ¶ 4).   Salaried managers who are served with process are instructed to provide the papers to DiMarco.   (Ex. B, DiMarco Aff. ¶ 2; Ex. A, Parham Aff. ¶ 4).   If legal papers were left at DiMarco's desk rather than handed to him, the manager would follow up to confirm receipt. (Ex. B, DiMarco Aff. ¶ 2; Ex. A, Parham Aff. ¶ 4).   DiMarco would, in turn, send the papers electronically to the legal department.   (Ex. B, DiMarco Aff. ¶ 2).   He would receive a notification after the legal department received the papers. (Ex. B, DiMarco Aff. ¶ 2).

d. <u>Excusable neglect</u>

DiMarco was not working the day Plaintiff's papers were served. (Ex. B, DiMarco Aff. ¶ 4). Parham thus left them at his desk as instructed.   (Ex. A, Parham Aff. ¶ 3; Ex. B, DiMarco Aff. ¶ 6).   But when DiMarco returned to the store on August 9, someone had moved the lawsuit papers to a file cabinet

Page 4

drawer unrelated to delivered legal papers and which happened to contain files in similar manila folders.   (Ex. B, DiMarco Aff. ¶¶ 3-4, 6).   He thus did not receive the lawsuit papers, and did not transmit them to the legal department. (Id.).

On February 19, 2025, DiMarco first learned of this lawsuit after the State court had already entered a default judgment against Walmart.   (Ex. B, DiMarco Aff. ¶ 3).   After an extensive search DiMarco then found the papers in the back of the filing cabinet. (Id.).

Parham, in turn, neglected to confirm DiMarco's receipt in view of the severe weather exigency.   (Ex. A, Parham Aff. ¶ 5; Ex. B, DiMarco Aff. ¶ 6). Had she not been preoccupied with the ongoing storm and the resultant unusual demands in the food department, she would have done so.   (Ex. A, Parham Aff. ¶ 5).   This is the only time that Parham ever had an issue in transmitting legal documents served on her to the AP Ops Coach. (Id.).   DiMarco then would have transmitted them to the legal department in the ordinary course. (Ex. B, DiMarco Aff. ¶ 2).   During DiMarco's ten-year tenure in this role at this and other Georgia Walmart stores, DiMarco is unaware of any other failure of the service protocols.   (Ex. B, DiMarco Aff. ¶ 7).

Page  5

The mid-emergency service on Parham was the <u>only service or notice</u> provided to Walmart of Plaintiff's lawsuit before Plaintiff secured a default judgment for millions of dollars.  (Ex. B, DiMarco Aff. ¶ 7). On February 18, 2025, Plaintiff's counsel delivered the default judgment and associated papers to Walmart's registered agent a letter demanding payment.  (Exhibit "N," Letter from Plaintiff's Counsel).

> e.  <u>The underlying incident and Walmart's meritorious defenses</u>

The accident happened on the evening of February 4, 2024, when Plaintiff was shopping at the store.  He claims that he slipped on soup that had been spilled. (Exhibit "H," Picture of Spill).

The accident was recorded on the store's video equipment.  (Exhibit "D," Video-1 at 7:00:20 p.m. to 7:00:26 p.m.; Exhibit "E," Video-2 at 7:00:20 p.m. to 7:00:26 p.m.; Exhibit "F," Still Shots from First Camera Angle at 6-11; Exhibit "G," Still Shots from Second Camera Angle at 1-12).

A store associate named Brittany Wilson was working at the store that day. (Exhibit "C," Affidavit of Brittany Wilson ("Wilson Aff.") ¶¶ 1-2).  She had followed the store's safety policies and procedures for looking for and removing spills, foreign objects, and other safety hazards.  (Id. ¶ 4).  If Wilson saw any spill,

she would clean it or guard it until another associate arrived.   (Id.).

Wilson had inspected the floor in the area of the accident less than fifteen minutes beforehand, and it was free of any hazards.   (Ex. C, Wilson Aff. ¶ 5). There was no spill.   (Id.). Wilson then left the area, and was not there when the accident happened.   (Id. ¶¶ 6-7).

The video shows that, about three minutes before the accident, another customer dropped a container of soup in the area.   (Ex. D, Video-1 at 6:57:21 p.m. to 6:57:30 p.m.; Ex. F, Still Shots from First Camera Angle at 1-5; Exhibit "I," Associate Witness Statement of Aunwan Murray; Exhibit "K," Picture of Soup Container Dropped by Customer).   No associate was there, or saw the spill during the three minutes it was present before the accident.   (Ex. C, Wilson Aff. ¶ 6).

## ARGUMENT AND CITATION OF AUTHORITY

Because Walmart files this Motion contemporaneously with its removal to federal court, Walmart first addresses these Motions under the Federal Rules of Civil Procedure, which will control after removal.   "Under federal practice, a removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in the federal court." *Cotton v. Federal Land Bank of Columbia*, 246 Ga. 188, 190 (1980) (*citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, etc.*, 415 U.S. 423, 437 (1974)).

Page  7

"Repleading according to the federal rules is generally not required unless there is a substantial difference between the state and federal practice."   *Cotton* at 190 (*citing Borton v. Connecticut Gen. Life Ins. Co.*, 25 F.Supp. 579 (D.C.Neb.1938); 14 Wright, Miller & Cooper, Fed. Prac. & Proc., Civil, 747, s 3738 (1976 Ed.)). In turn, Georgia follows the same standard, and "repleading" is only required upon directive of the trial court:

> Where, as here, a pleading (assuming it meets the statutory requirements of a pleading, as discussed hereinafter) has been timely filed, logic, reasoning and comity all support the conclusion that a similar rule should be applied by the Georgia courts upon remand. Since the Georgia Civil Practice Act and the Federal Rules of Civil Procedure are similar in most respects, the instances in which repleading would be required would be few, *and such requirement should be upon directive of the trial court.*

*Cotton* at 190-191 (emphasis added).

Default judgments are disfavored because they run contrary to the policy of deciding cases on their merits. *See Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Courts should construe the Rule 60(b) requirements liberally in the context of a default judgment. *See, e.g., Solaroll Shade & Shutter v. Bio–Energy Sys.*, 803 F.2d 1130, 1132 (11th Cir. 1986). This Court has wide discretion to do so. *Robinson v. United States*, 734 F.2d 735. 739 (11th Cir. 1984). And it may set aside a default judgment entered by a State court prior to removal.

Page 8

*Motley v. Option One Mortg. Corp.*, Civil Action No. 2:08cv659–WHA, 2009 WL 2059089, at *1 (M.D. Ala. July 13, 2009); *Ware v. Fleetboston Financial Corp.*, 190 Fed.Appx. 59, 63-64 (11th Cir. May 2, 2006) ("[B]ecause the state action was properly removed to federal district court under original jurisdiction, the district court had authority to set aside orders of the state court under Rule 60(b)").*See also Abdullah v. PennyMac Loan Services, LLC*, Civil Action No. 1:24-cv-03627-SDG-RGV, 2024 WL 5325799, at *3 (N.D. Ga. Oct. 11, 2024) (citing *Hester*); *Hester v. Gulfstream Property and Casualty Ins. Co.*, Case No. 5:19cv170-MCR-MJF, 2019 WL 8063349, at *1 (N.D. Fla. Nov. 8, 2019) (citing *Aiken*); *Aiken v. Waffle House, Inc.*, 509 F.Supp.2d 541, 545-546 (D.S.C. 2007).  "A federal court has the power to set aside a default entered in state court in three situations: (1) 'when a state court lacked jurisdiction to make an entry of default;' (2) 'when a state court could have vacated its own default judgment;' and (3) 'when a federal court could have vacated the entry of default.'" *Aiken* at 545.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." A final judgment under Rule 60(b) is any judgment that is an appealable order. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803

Page  9

F.2d 1130, 1131 (11th Cir. 1986).

## I.    THE JUDGMENT SHOULD BE SET ASIDE.

### 1.    <u>Excusable neglect and no prejudice.</u>

The default judgment was the result of excusable neglect and should be set aside under Rule 60(b)(1). The Supreme Court and the Eleventh Circuit clarified the meaning of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993) (holding court abused its discretion in refusing to permit late filing of a proof of claim); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996) (holding district court's failure to apply *Pioneer* factors in Rule 60(b) "excusable neglect" motion constituted abuse of discretion). In *Cheney*, the Eleventh Circuit explained *Pioneer*'s holding that "at least for purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. at 850 (internal quotation marks omitted). The panel applied these factors to this question: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (*quoting Pioneer*, 507 U.S. at 395). The determination of what constitutes excusable neglect is holistic, taking into account the totality of the relevant circumstances. See, e.g., *Pioneer*, 507 U.S. at 389, 395 (discussing excusable neglect under Bankruptcy

Page  10

Rule 9006(b)(1)).

The moving party must show that it had a meritorious defense, that the Plaintiff would not be prejudiced if the judgment were set aside, and that it had a "good reason" for failing to respond to the complaint. See In re Worldwide Web Systems, Inc. v. Feltman, 328 F.3d 1291, 1295 (11th Cir. 2003).

Here, Parham's failure to ensure DiMarco's receipt of the served papers was excusable. The service occurred in the midst of an official State emergency, when a tropical storm caused significant disruption and Parham faced significant exigencies. The store had a system of procedural safeguards in place for the handling of served documents, and Parham followed the first step of that system by placing the lawsuit papers on DiMarco's desk. But when those papers were moved to the back of a filing cabinet that was not used for served papers, Walmart's safeguards lapsed because Parham, preoccupied with storm preparations, neglected to confirm DiMarco's receipt. On February 18, 2025, when Plaintiff served Walmart's registered agent for service with a demand to pay the resultant multimillion dollar default judgment only one day after the term of court ended, Walmart investigated and promptly removed the case and moved to set the judgment aside.

This sequence of events establishes excusable neglect that justifies the setting aside of the default judgment, opening the default, and allowing Walmart to defend

Page 11

this case on the merits. *See YHB Management Corp. v. Fountain Bleau Capital, LLC*, Case No. 4:21-CV-191 (CDL), 2022 WL 4657663, at *2 (M.D. Ga. Sept. 20, 2022); *Hurtado v. Balerno International Ltd.*, Case No. 17-62200-CIV-COHN-SELTZER, 2018 WL 4053122, at *4 (S.D. Fla. Aug. 24, 2018); *Andrade v. Erin Capital Management, LLC*, Case No. 09-21186-CIV-HUCK/O'SULLIVAN, 2010 WL 11505110, at *9-10 (S.D. Fla. Jan. 14, 2010); *Beamer v. Fadel-II Foods*, Civil Action No. 10-CV-10104, 2012 WL 1068708, at *4-5 (E.D. Mich. Mar. 29, 2012). Applying the *Pioneer* factors to this case favors setting aside the default judgment. There is no danger of prejudice to Plaintiff. The case is still within the two-year limitations period. The evidence and witnesses regarding the incident are still available, as shown above in the statement of facts. There has been minimal delay. There is no potential impact on judicial proceedings because discovery can still be had and will not be any more complicated than it would have been. And there is no indication that the Court's evaluation of this case in the future will be made more difficult by the delay. There is no evidence that this default was the result of willful misconduct on the part of Walmart. Finally, with the evidence presented showing "excusable neglect," and the speed of Walmart's actions after notice on February 18, 2025, Walmart has demonstrated good faith.

Additionally, there is another factor that weighs in favor of Walmart's Motion: The large size of the award. "Delay that imposes slight injury does not call

Page 12

for multi-million-dollar awards." *Strabala v. Zhang*, 318 F.R.D. 81, 91 (N.D. Ill. Nov. 18, 2016) (*quoting Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). *See also Fed. Trade Comm'n v. Construct Data Publishers*, No. 13-cv-01999, 2014 WL 7004999, at *6 (N.D. Ill. Aff. 11, 2014) ("the disproportionate size of the default judgment—$9.1 million—in comparison with the minimal prejudice suffered by the FTC represents good cause to vacate the default judgment"); *Owens-Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 529 n.10 (E.D. Tex. Feb. 28, 2000) ("Other Court have likewise been influenced by the size of the judgment at issue," and citing in footnote collection of cases).  In *Seven Elves, Inc. v. Eskenazi*, for instance, 635 F.2d 396, 403 (5th Cir. 1981), the Fifth Circuit vacated a judgment, a small fraction of the amount of the judgment in this case, in part because its $250,000 amount was "very great, itself militating in favor of a full trial on the merits."[2]  Here, just as in *Seven Elves*, the award of more than $3.3 million provides additional justification for vacating the judgment in favor of a full trial on the merits.  $3.3 million is disproportionate in comparison to the minimal prejudice (if any) to Plaintiff.  Moreover, as described below, the evidence before the Court, including

---

[2] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Page  13

video, does not demonstrate an incident that would normally result in an award of $3.3 million.

## 2.    **Meritorious Defenses.**

Walmart also has meritorious defenses.  To recover, Plaintiff must prove, among other things, that Walmart had actual or constructive knowledge of the alleged hazard.   Robinson v. Kroger, 268 Ga. 735 493 S.E.2d 403 (1997); Alterman Foods v. Ligon, 246 Ga. 620, 272 S.E.2d 327 (1980).

A.    The Store conducted reasonable inspections of the incident area.

Georgia courts have held that inspections conducted less than 35 minutes before the injury-causing event are adequate as a matter of law. See, e.g., *Higgins v. Food Lion, Inc.*, 254 Ga. App. 221, 222 (2002) (inspection conducted 35 minutes before fall was adequate as a matter of law); *Hopkins v. Kmart Corp.*, 232 Ga.App. 515, 517-518 (1998) (inspection conducted 30 minutes before fall was adequate as matter of law); *Flanagan v. Quiktrip Corp.*, No. 1:13-cv-3836-WSD, 2015 WL 3472957, at *9 (N.D. Ga. June 1, 2015) (summary judgment for defendant proper where inspection was performed 30 minutes before accident); *Butler v. Lanier Park Regional Hosp.*, 220 Ga. App. 386, 387 (1996) (summary judgment for defendant

Page  14

proper where inspection was performed 20 minutes before accident); *Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 346 (2005) (inspection conducted 15–20 minutes before fall adequate as a matter of law); *Super Discount Markets, Inc. v. Clark*, 213 Ga. App. 132, 134 (1994) (summary judgment for defendant proper where inspection was performed 15 to 20 minutes before accident). See also *Adamchick v. Cracker Barrel Old Country Store*, 281 Ga. App. 677 (2006); *Flanagan v. Quiktrip Corp.*, No. 1:13-cv-3836-WSD, 2015 WL 3472957, at *9 (N.D. Ga. June 1, 2015) (summary judgment for defendant proper where inspection was performed 30 minutes before accident).

Here, the area of the incident was visually inspected by Associate Brittany Wilson less than fifteen minutes before the incident, and, at that time, nothing was on the floor. That fact scenario presents a meritorious defense, as there is a long line of cases granting summary judgment based upon an inspection shortly before the incident. *Walmart Stores East, L.P. v. Benson*, 343 Ga. App. 74, 79-80 (2017) (inspection conducted 26 minutes before incident was reasonable as a matter of law); *Doak v. U. S. Prime Property, Inc.*, 220 Ga. App. 564, 566 (1996) (inspections of common area of shopping mall every half hour were reasonable); *Drake v. Kroger Co.*, 213 Ga. App. 72, 72–73 (1994) (30 minutes). Accordingly, through this

evidence of a reasonable inspection, Walmart has presented a meritorious defense.

B.    The hazard did not exist for an unreasonable amount of time prior to the subject incident.

Because Walmart has provided evidence of reasonable inspections, the burden shifts to Plaintiff to present admissible evidence that the alleged hazard existed for an unreasonable amount of time. *Walmart Stores East, L.P. v. Benson*, 343 Ga. App. 74, 80 (2017). Failure to establish that the alleged hazard was allowed to exist for such a time that the proprietor should have discovered it is fatal to the plaintiff's case. Id. "In cases involving grocery stores, parking lots, and restaurants, [the Georgia Court of Appeals has] found that 15 or 20 minutes was a legally insufficient amount of time for a proprietor to discover a foreign substance on the floor." *Gleaton v. APAC-Georgia*, 228 Ga. App. 52, 55 (2) (1997).

Here, in addition to Associate Wilson's testimony, there is video evidence showing that a customer dropped a soup container in the area of the incident about three minutes before the incident. Thus, there is evidence that the spill did not exist for an unreasonable amount of time, and, as a result, Walmart has presented a meritorious defense.

Page 16

C.    Video and other evidence do not demonstrate an incident that caused injury and damages warranting an award of $3,300,000.

Causation and damages are both required elements that Plaintiff would have to prove in this premises liability case.   "[C]ausation is always an essential element in slip or trip and fall cases." *Callaway Gardens Resort, Inc. v. Grant*, 365 Ga. App. 222, 224 (2022) (quoting *Canaan Land Properties v. Herrington*, 330 Ga. App. 17, 19 (1) (2014)). "[T]o recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury." *Atlanta Obstetrics and Gynecology Group v. Coleman*, 260 Ga. 569, 569, 398 S.E.2d 16 (1990).   Here, the video shows that Plaintiff slipped and fell; got up on one knee within seconds; and stood up under his own power within two minutes of his fall.   (Ex. D, Video-1 at 7:00:20 p.m. to 7:03:00 p.m.; Exhibit "E," Video-2 at 7:00:20 p.m. to 7:03:00 p.m.)   No ambulance was called.   (Exhibit "L," Typed Incident Report).   Plaintiff complained that his knee popped and was aching.   (Ex. M, Typed Incident Report).   But Cashier Gwendolyn Fisher, who was one of the first associates to respond to the incident, reported that she observed no signs of physical injury.   (Exhibit "M," Associate Witness Statement of Gwendolyn Fisher).   And video shows Plaintiff walking after the incident.   This evidence does not show

Page  17

an incident that one would expect to cause an injury and resulting compensatory damages in the amount of $3,300,000.  Accordingly, Walmart has presented meritorious defense as to causation and damages.

### 3.    O.C.G.A. § 9-11-60(d)

O.C.G.A. § 9-11-6)(d) authorizes the Court to set aside a judgment where there is: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings.  Further, O.C.G.A. § 9-11-60(g) provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  In this case, the third prong is satisfied; there is a nonamendable defect, because Walmart was not provided notice of the motion for default, the hearing on the motion for default, the September 2024 order entering default, the hearing to determine damages, or the final judgment.

As a general rule, there is no ongoing requirement to provide notice to a party that has failed to file responsive pleadings after being served with process.  *Winslett*

*v. Guthrie*, 326 Ga. App. 747, 752-753 (2014); O.C.G.A. § 9-11-5(a) ("However, the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment, and all service in the action, except service of pleadings asserting new or additional claims for relief, which shall be served as provided by subsection (b) of this Code section."); O.C.G.A. § 15-6-21(c) ("When he or she has so decided, it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision. Said notice shall not be required if such notice has been waived pursuant to subsection (a) of Code Section 9-11-5.").   But in the narrow context of this case, where (a) there was excusable neglect, (b) the defaulting party did not otherwise have notice of the proceeding, and (c) the Court's statutory term lapsed before the defaulting party learned of the proceeding, both Georgia and federal due process requires such notice.

Under the predecessor statute for O.C.G.A. § 15-6-21(c), a Georgia trial court was required to mail notice to the defendant of an entry of default and an entry of final default judgment.  *Vangoosen v. Bohannon*, 236 Ga. App. 361, 361-362 (1999).  As noted by the Court of Appeals in *Vangoosen*, the Georgia Supreme

Page  19

Court recognized in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1980), that failure of the trial court to notify the losing party of an order causes prejudice to that party by jeopardizing the party's right to appeal.   For that reason, under *Vangoosen*, the failure of the trial court to mail notice to Walmart of default judgment on September 24, 2024, and the final judgment on January 15, 2025, would be considered clerical errors under O.C.G.A. § 9-11-60(g) that would necessitate vacating each of those orders.

Further, were it not for the second sentence of O.C.G.A. § 9-11-5(a), failure to provide notice of the motion for default, the hearing on the motion for default, and the hearing to determine damages would be a nonamendable defect on the face of the record under O.C.G.A. § 9-11-60(d)(3).   *Randall v. Randall*, 274 Ga. 107, 109 (2001).   "[N]otice of the hearing . . . shall be served not later than five days before the time specified for the hearing . . . ."   *Randall v. Randall*, 274 Ga. 107, 109 (2001) (quoting OCGA § 9–11–6(d)).   "Compliance with the notice requirement is mandatory, not discretionary." *Randall* at 109 (*citing Edens v. O'Connor*, 238 Ga. App. 252(1) (1999)).   Due process is denied by lack of notice. "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending

Page  20

hearing and afford them an opportunity to present their objections." *Randall* at 109 (*quoting Wright v. Wright*, 270 Ga. 229, 230 (1998)).

At least in cases like this, where there is excusable neglect and the defaulting party otherwise had no notice of the litigation or any of it proceedings, and the Court's statutory term lapsed in the interim (thus removing the trial court's inherent power to reopen a default judgment without satisfying teh statutory standard), the intervening statutory provision obviating the previous notice requirement contravene the defaulting party's process rights under the U.S. and Georgia Constitutions. Walmart asks the Court to strike down these provisions as applied in this case, and to vacate the judgment for a nonamendable defect.

### 4.    O.C.G.A. § 9-11-55 – Opening Default

Under Georgia law, "[i]n situations where a final judgment has been entered, default cannot be opened unless and until the final judgment has been set aside pursuant to OCGA § 9–11–60(d)." *Pine Tree Publishing, Inc. v. Community Holdings, Inc.*, 242 Ga. App. 689, 690 (2000). O.C.G.A. § 9-11-55(b) provides:

> **Opening default**. At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a

Page 21

> proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

The Court of Appeals has held that since "the public policy of this state strongly favors resolution of cases on their merits, the remedial provisions for opening a default are to be forgivingly applied." *Nelson v. Board of Regents of University System of Ga.*, 307 Ga. App. 220, 223 (2010).

> For this reason, a default should generally be set aside "where the defendant acts with reasonable promptness and alleges a meritorious defense," so as to avoid a "drastic sanction" that "should be invoked only in extreme situations."

*Nelson v. Board of Regents of University System of Ga.*, 307 Ga. App. 220, 223 (2010) (quoting Exxon Corp. v. Thomason, 269 Ga. 761, 761-62 (1998)). "Put another way, this Court can (and should) only evaluate the reasonableness of [Defendant]'s proffered justification for opening a default on the 'proper case' ground in the context of considering whether the trial court's acceptance of this justification as a basis for opening the default amounts to a manifest abuse of discretion." Id.

Here, as shown above, Walmart has fulfilled all of the requirements of O.C.G.A. § 9-11-55(b).  Walmart has paid costs, filed an Answer instanter under oath, presented a meritorious defense, provided evidence of excusable neglect (and proper case), and hereby announces that it is ready for trial.  Accordingly, Walmart respectfully requests the Court open the default.

### 5.    O.C.G.A. §§ 5-5-40, 5-5-41 and Fed. R. Civ. Proc. 59

Finally, for all the reasons stated above, in the alternative, Walmart also moves for a new trial—at least as to damages—pursuant to O.C.G.A. §§ 5-5-40, 5-5-41, and Federal Rule of Civil Procedure 59.  Walmart raises the following grounds for new trial: (1) the judgment and award of damages is contrary to evidence, justice and equity (O.C.G.A. § 5-5-20); and (2) the judgment and award of damages is contrary to the weight of the evidence (O.C.G.A. § 5-5-21).

### CONCLUSION

For these reasons, Walmart respectfully requests that the Court grant its Motion and set aside the judgment; set aside the default; open the default; accept Walmart's contemporaneously-filed Answer as timely; and allow Walmart to defend this case on the merits.  Or, in the alternative, Walmart prays the Court vacate the judgment and grant a new trial at least as to damages.

Respectfully submitted this 6th day of March, 2025.

| | |
|---|---|
| 3445 Peachtree Road, N.E. | McLain & Merritt, P.C. |
| Suite 500 | |
| Atlanta, GA 30326 | /s/ Nicholas E. Deeb |
| (404) 266-9171 | Nicholas E. Deeb |
| ndeeb@mmatllaw.com | Georgia Bar No. 117025 |
| | Attorney for Defendant |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 6, 2025, I electronically filed DEFENDANT

WAL-MART STORES EAST, LP'S BRIEF IN SUPPORT OF ITS MOTION TO

SET ASIDE DEFAULT JUDGMENT, OPEN DEFAULT, OR, IN THE

ALTERNATIVE, MOTION FOR NEW TRIAL using the Peachcourt E-filing

system, and that I have this day served counsel for the opposing party in the

foregoing matter with a copy by depositing said copy in the U. S. Mail in a properly

addressed envelope with adequate postage thereon, as follows:

> Jeremiah T. Van Dora
> The Van Dora Law Firm, LLC
> Post Office Box 669
> Hartwell, Georgia 30643

| | |
|---|---|
| 3445 Peachtree Road, N.E. | McLAIN & MERRITT, P.C. |
| Suite 500 | |
| Atlanta, GA 30326 | /s/ Nicholas E. Deeb |
| (404) 266-9171 | Nicholas E. Deeb |
| ndeeb@mmatllaw.com | Georgia Bar No. 117025 |
| | Attorney for Defendant |

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,                                    Civil Action File No.
                                                      24HV00346
            Plaintiff,

v.

WAL-MART STORES EAST, LP

            Defendant.

_____/

## AFFIDAVIT OF KAYLA PARHAM

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Kayla Parham, who after first being sworn, deposes and states:

1.

I am more than 18 years old, and this affidavit is based on my personal knowledge.

2.

I am the Food & Consumables Coach for Walmart store number 1111 (the "Store") located in Hartwell, Hart County, Georgia.

3.

On August 3, 2024, Georgia's Governor issued an executive order declaring

Page 1

EXHIBIT "A"

a state of emergency for the entire State due to Tropical Storm Debby. (Exhibit "J," Georgia State of Emergency Orders and Press Release). The state of emergency, which the Governor extended several times, lasted through August 20th. (Id.). Walmart often experiences substantially increased demand before and during major weather events, as people stock up on food and merchandise in preparation for it and, especially in the case of the Hartwell store during this storm, as other people traveled to the area to avoid the most direct storm path. As a result, during that time, the store was preparing for disruptions, not only from the storm itself, but from the anticipated heightened demand. I managed the Food and Consumables department, which, as is typical with weather events, was the most stressed department. During the declared emergency, on August 7, 2024, a sheriff's deputy served lawsuit papers on me while I was working at the Store. I placed the lawsuit papers in the Asset Protection Office on Asset Protection Operations Coach Nick DiMarco's desk in front of the computer for Coach DiMarco.

4.

The Store has a system and procedural safeguards for transmitting legal documents served at the Store to Walmart's legal department. Salaried managers who are served with process are instructed to provide the legal papers to Asset

Page 2

Protection Operations Coach DiMarco. If the papers were not personally handed to him, the salary manager is supposed to follow up with Coach DiMarco to confirm that he received it.

5.

While the Store had this system and procedural safeguards in place, I forgot to follow up with Coach DiMarco to confirm that he received the lawsuit papers. Had I not been preoccupied with the ongoing storm emergency and the resultant unusual demands in the food department, I would have done so. This is the only time that I ever had an issue in transmitting legal documents served on me to the AP Ops Coach.

FURTHER AFFIANT SAYETH NOT.

This 6 day of March, 2025.

Kayla Parham

Sworn to me and subscribed
before me this 6 day of
March, 2025.
Notary Public
My Commission Expires: 11/17/24

Mae Asden Kinder

Page 3

MAE ASDEN KINDER
NOTARY PUBLIC
Hart County, Georgia
My Commission Expires 11/17/26

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,

      Plaintiff,

v.

WAL-MART STORES EAST, LP

      Defendant.

_____/

Civil Action File No.
24HV00346

## **AFFIDAVIT OF NICHOLAS DiMARCO**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Nicholas DiMarco, who after first being sworn, deposes and states:

1.

I am more than 18 years old, and this affidavit is based on my personal knowledge.

2.

I am the Asset Protection Operations Coach for Walmart store number 1111 (the "Store") located in Hartwell, Hart County, Georgia. My duties include transmitting legal documents served at the Store to Walmart's legal department.

Page 1

EXHIBIT "B"

The Store has a system and procedural safeguards for ensuring that transmittal. Salaried managers who are served with process are instructed to provide the papers to me. If legal papers were left at my desk rather than handed to me, the manager would follow up to confirm receipt. I would, in turn, send the papers electronically to the legal department. I would receive a notification after the legal department received the papers.

3.

On February 19, 2025, I first learned of this lawsuit after the State court had already entered a default judgment against Walmart. After an extensive search I found the papers in the back of the filing cabinet drawer unrelated to delivered legal papers. The papers were in a manilla folder with handwriting I do not recognize. The filing cabinet drawer contained files in similar manilla folders.

4.

After investigating what happened to the lawsuit papers, I now understand that, on Wednesday, August 7, 2024, a sheriff's deputy served lawsuit papers on Food & Consumables Coach Kayla Parham. I was not working that day.

5.

On August 3, 2024, Georgia's Governor issued an executive order declaring

Page 2

a state of emergency for the entire State due to Tropical Storm Debby. (Exhibit "J," Georgia State of Emergency Orders and Press Release). The state of emergency, which the Governor extended several times, lasted through August 20th. (Id.). Walmart often experiences substantially increased demand before and during major weather events, as people stock up on food and merchandise in preparation for it and, especially in the case of the Hartwell store during this storm, as other people traveled to the area to avoid the most direct storm path. As a result, during that time, the store was preparing for disruptions, not only from the storm itself, but from the anticipated heightened demand. Kayla Parham was a manager at the store. She managed the Food and Consumables department, which, as is typical with weather events, was the most stressed department. During the declared emergency, on August 7, 2024, a sheriff's deputy served Plaintiff's lawsuit papers on Parham while she was working at the store.

6.

I did not know that Coach Parham had been served with the lawsuit papers, and I did not know that a lawsuit had been filed. Because someone moved the papers to a file cabinet drawer unrelated to delivered lawsuit papers and which

Page 3

happened to contain files in similar manila folders, I never received the papers, and did not transmit them to the legal department. Coach Parham did not follow up with me.

7.

Service by the sheriff of the lawsuit papers on Coach Parham on August 7, 2024, was the ***only service or notice*** provided to the Store or Walmart of lawsuit before February 18, 2025. During my ten-year tenure in this role at this and other Georgia Walmart stores, I am unaware of any other failure of the service protocols.

FURTHER AFFIANT SAYETH NOT.

This 6 day of March , 2025.

Nicholas DiMarco

Sworn to me and subscribed
before me this 6 day of
March , 2025.
Notary Public
My Commission Expires: 11|17|26

Mae Asden Kinder

MAE ASDEN KINDER
NOTARY PUBLIC
Hart County, Georgia
My Commission Expires 11|17|26

Page 4

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,                                    Civil Action File No.
                                                       24HV00346
            Plaintiff,

v.

WAL-MART STORES EAST, LP

            Defendant.

_____/

## DECLARATION OF BRITTANY WILSON

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Brittany Wilson, who after first being sworn, deposes and states:

1.

I am more than 18 years old, and this affidavit is based on my personal knowledge.

2.

On February 4, 2024, I was working as an associate at Walmart store number 1111 (the "Store") located in Hartwell, Hart County, Georgia.

3.

I understand that, on February 4, 2024, Plaintiff Andrew Williams allegedly

Page 1                                                 EXHIBIT "C"

slipped and fell on a spill of soup at the Store near the deli at approximately 7 p.m.

4.

On February 4, 2024, I followed safety policies and procedures for looking for and removing spills, foreign objects, and other safety hazards. If I saw any spill, I would clean it up, remove it, or guard it until another associate arrived.

5.

On February 4, 2024, I had inspected the floor in the area of the accident less than fifteen minutes beforehand, and it was free of any hazards. There was no spill.

6.

I did not have any knowledge of any liquid, foreign object, foreign substance, or any hazard on the floor prior to Plaintiff's incident.

7.

I did not witness Plaintiff's incident, and I was not in the area at the time Plaintiff's incident occurred.

FURTHER AFFIANT SAYETH NOT.

Page 2

This ___6___ day of ___March___ , 2025.

Brittany Wilson

Sworn to me and subscribed
before me this ___6___ day of
___March___ , 2025.
Notary Public
My Commission Expires: 11|17|26

Mae Asden Kinder

MAE ASDEN KINDER
NOTARY PUBLIC
Hart County, Georgia
My Commission Expires 11|17|26

Page 3

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA


ANDREW L. WILLIAMS,                                    Civil Action File No.
                                                       24HV00346
        Plaintiff,

v.

WAL-MART STORES EAST, LP

        Defendant.
_____/


**EXHIBITS D & E**

Store Videos of Incident
(Manually filed with the Court)

























Page 1 of 12

Ex. G - Still Shots of Incident from Second Camera Angle

Page 2 of 12



Page 3 of 12



2024-02-04 07:00:22 PM -0500

Page 4 of 12





Case 3:25-cv-00033-CDL   Document 1-1   Filed 03/06/25   Page 106 of 148

Page 6 of 12



Page 7 of 12















EXHIBIT H
(PICTURE OF SPILL)

## Associate Witness Statement



First Name:     Aunwan

Last Name:      Murray

Associate Title:     Asset Protection Associate

Role in Incident:     reporter

Contact Information

    Phone Number:     ████████████████████████

    E-Mail Address:     ████████████████████████

    Work Shifts:         Morning          X Afternoon          Evening

    Best Contact Time(s):     Morning          X Afternoon          X Evening

Physical Injury

    Signs of Physical Injury:          Yes          X No

    Description of Injury:

    Observation:

       Customer slipped on soup that was dropped by another customer and fell

*It is unlawful for any person to obtain any benefit by fraud. Any person knowingly doing so may be exposed to potential criminal and/or civil penalties.*

Witness Signature:

EXHIBIT "I"

**AUGUST 03, 2024**

# Georgia Prepares for Tropical Storm Debby; SOE Declared

(ATLANTA) – Governor Brian Kemp has declared a State of Emergency for all 159 counties in Georgia due to Tropical Storm Debby which has formed over the Gulf of Mexico. Debby is forecast to reach hurricane strength before making landfall along the Florida Big Bend on Monday.

Debby is forecast to move into Georgia on Monday, with tropical storm force winds possible in South Georgia, which could lead to downed trees and power lines. There is also an increasing risk of significant flooding from rainfall in Southeast Georgia beginning Monday and continuing through at least Tuesday.

In preparation for the storm, the State Operations Center (SOC) will elevate to a full-scale activation level at 7 a.m. on August 4, 2024. Georgia Emergency Management and Homeland Security Agency (GEMA/HS) will continue to monitor the storm and is ready to assist local emergency management agencies should the need arise.

"As our agency braces for potential impacts from Tropical Storm Debby, we'd like to encourage all residents and visitors to pay attention to trusted news sources, weather alerts and local officials," said GEMA/HS Director Chris Stallings.

EXHIBIT J

Case 3:25-cv-00033-CDL Document 1-1 Filed 03/06/25 Page 117 of 148

In case of flooding, do not drive or walk through standing water or drive around barricades. Stay away from downed power lines to avoid the risk of electric shock or electrocution. If a tornado warning is issued, storm cellars or basements provide the best protection. If an underground shelter is not available, go to a small, windowless interior room or hallway on the lowest floor possible.

For more information on how to prepare, visit **https://gema.georgia.gov/plan-prepare/ready-georgia (https://gema.georgia.gov/plan-prepare/ready-georgia)**.

###

As part of the Office of the Governor, the Georgia Emergency Management and Homeland Security Agency collaborates with local, state and federal governments in partnership with private sector and non-governmental organizations to protect life and property against man-made and natural emergencies. GEMA/HS's *Ready Georgia* website and preparedness campaign provides Georgians with the knowledge needed to effectively prepare for disasters. Go to **gema.georgia.gov/plan-prepare/ready-georgia (https://gema.georgia.gov/plan-prepare/ready-georgia)** for information on developing a custom emergency plan and Ready kit.



# THE STATE OF GEORGIA

## EXECUTIVE ORDER

---

## BY THE GOVERNOR:

### STATE OF EMERGENCY FOR TROPICAL DEPRESSION 4

**WHEREAS:**      Tropical Depression 4 is forecasted to travel into the eastern Gulf of Mexico and become Tropical Storm Debby this evening, Saturday, August 3, 2024, or early on Sunday, August 4, 2024; and

**WHEREAS:**      The storm is forecasted to make landfall in the early morning on Monday, August 5, 2024, along areas of the Florida gulf coast and portions of the Florida panhandle and is projected to travel northwest affecting areas in south central Georgia and southeast coastal Georgia; and

**WHEREAS:**      The National Hurricane Center forecasts that this storm may produce heavy rainfall, storm surge, and flooding in the State of Georgia; and

**WHEREAS:**      This storm has the potential to produce severe impacts to citizens throughout south central and southeast coastal Georgia; and

**WHEREAS:**      Preliminary reports from county emergency management agencies and the Georgia Emergency Management and Homeland Security Agency indicate a need for assistance in the impacted counties; and

**WHEREAS:**      Assistance from the State of Georgia is necessary to provide for the public's safety, protect public and private property, and maintain the social and economic welfare of the State; and

**WHEREAS:**      The Federal Motor Carrier Safety regulations, 49 C.F.R. § 390, et seq., limit the hours of operators of commercial motor vehicles may drive; and

**WHEREAS:**      49 C.F.R. § 390.23 allows the Governor of a State to suspend these rules and regulations for up to 30 days if the Governor determines that an emergency condition exists; and

**WHEREAS:**      The Governor is vested with the emergency powers cited herein as the Chief Executive of this State; and

**WHEREAS:**   Code Section 38-3-28 provides that "[a]ll orders, rules, and regulations promulgated by the Governor" have the force and effect of law; and

**WHEREAS:**   As Chief Executive, the Governor is tasked with protecting the citizens of this State, including during a state of emergency; and

**WHEREAS:**   Code Section 38-3-51(c)(1) vests the Governor with the power to enforce all laws, rules, and regulations relating to emergency management and to assume direct operational control of all civil forces and helpers in the state; and

**WHEREAS:**   Code Section 38-3-51(c)(4) vests the Governor with the power to perform and exercise such other functions, powers, and duties as may be deemed necessary to promote and secure the safety and protection of the civilian population; and

**WHEREAS:**   In consultation with state emergency preparedness officials, I have determined that the following actions are necessary and appropriate to protect the health, safety, and welfare of Georgia's residents and visitors.

**NOW, THEREFORE, PURSUANT TO CODE SECTIONS 38-3-28 AND 38-3-51, AND THE AUTHORITY VESTED IN ME AS GOVERNOR OF THE STATE OF GEORGIA, IT IS HEREBY**

**ORDERED:**   That a State of Emergency exists in the State of Georgia due to the potential negative impact of Tropical Depression 4.

**IT IS FURTHER**

**ORDERED:**   That all resources of the State of Georgia be made available to assist in preparation, response, and recovery activities throughout the affected areas, and the Georgia Emergency Management and Homeland Security Agency shall activate the Georgia Emergency Operations Plan.

**IT IS FURTHER**

**ORDERED:**   That state agencies shall coordinate all public and emergency information, activities, releases, and response efforts related to this emergency with the Georgia Emergency Management and Homeland Security Agency.

IT IS FURTHER

ORDERED:    That the Georgia Department of Transportation and Georgia Department of Public Safety shall take all necessary action to ensure the expeditious movement of utility vehicles, equipment, and personnel through the State to eliminate power outages.

IT IS FURTHER

ORDERED:    That state agencies shall provide sufficient personnel required for the staffing of the Georgia State Operations Center or other command, control, and coordination points as may be designated by the Director of the Georgia Emergency Management and Homeland Security Agency and shall provide such personnel, vehicles, equipment, and other resources needed to protect life and property and to ensure continuation, restoration, and recovery of essential public services.

IT IS FURTHER

ORDERED:    That the federal rules and regulations limiting hours that operators of commercial vehicles may drive are suspended to ensure the uninterrupted supply of goods and services necessary to respond to this State of Emergency for Tropical Depression 4, including petroleum products. This declared emergency justifies a suspension of Part 395 (driver's hours of service) of Title 49 of the Code of Federal Regulations. The suspension will remain in effect for thirty (30) days or until the emergency condition ceases to exist, whichever is less. Nothing herein will be construed as an exemption from the Commercial Driver's License requirements in 49 C.F.R. § 383 and the financial requirements in 49 C.F.R. § 387.

IT IS FURTHER

ORDERED:    That no motor carrier operating under the terms of this State of Emergency for Tropical Depression 4 will require or allow an ill or fatigued driver to operate a motor vehicle. A driver who notifies a motor vehicle carrier that he or she needs immediate rest will be given at least ten (10) consecutive hours off-duty before being required to return to service.

IT IS FURTHER

ORDERED:    That weight, height, and length for any vehicle traveling through the State of Georgia, for the purposes of providing relief related to this State of Emergency, which traverses roadways maintained by the

Page 3 of 6

State of Georgia, excluding interstates, shall not exceed the following:

A. A maximum gross vehicle weight for vehicles equipped with five (5) weight-bearing axles, with an outer bridge span of not less than fifty-one (51) feet, shall not exceed a gross vehicle weight of ninety-five (95) thousand pounds, a maximum width of ten (10) feet, and an overall length of one hundred (100) feet. Continuous travel is authorized with the proper escorts.

B. If the width of said vehicle exceeds eight (8) feet six (6) inches and is traveling after daylight, defined as thirty (30) minutes before sunset to thirty (30) minutes after sunrise, the transporter is required to have a vehicle front and a rear escort/amber light when traveling on a two-lane roadway and a vehicle rear escort when traveling on a four-lane highway. Transporters are responsible for ensuring that they have proper oversize signs, markings, flags, and escorts as defined in the Georgia Department of Transportation Rules and Regulations.

**IT IS FURTHER**

**ORDERED:** That commercial vehicles operating outside the normal weight, height, and length restrictions under the authority of this State of Emergency shall be issued permits by the Georgia Department of Public Safety. Said vehicles shall be subject to any special conditions the Georgia Department of Public Safety may list on applicable permits. Nothing in this Executive Order shall be construed to allow any vehicle to exceed weight limits posted for bridges and like structures, nor shall anything in this Executive Order be construed to relieve compliance with restrictions other than those specified in this Order or from any statute, rule, order, or other legal requirement not specifically waived herein.

Oversize permits may be issued by the Georgia Department of Public Safety, Motor Carrier Compliance Division, during normal business hours, Monday through Friday by calling 404-635-8176 or through the Georgia Permitting and Routing Optimization System online portal at this website: www.gaprospermits.com.

**IT IS FURTHER**

**ORDERED:** Pursuant to Code Section 10-1-393.4, price gouging related to goods and services necessary for preparation, response, and recovery activities for this State of Emergency for Tropical Depression 4,

including motor fuel, diesel fuel, and other petroleum products, would be detrimental to the social and economic welfare of the citizens of this State and is therefore prohibited.

IT IS FURTHER

ORDERED:   That if one or more of the provisions contained in this Order shall be held to be invalid, in violation of the Georgia Constitution, in violation of Georgia law, or unenforceable in any respect, such invalidity, violation, or unenforceability shall not affect any other provisions of this Order, but, in such case, this Order shall be construed as if such invalid, illegal, or unenforceable provision had never been contained within the Order.

IT IS FURTHER

ORDERED:   That no provision of this Order shall limit, infringe, suspend, or supplant any judicial order, judgment, or decree issued pursuant to the laws or constitution of this State or the laws or constitution of the United States, nor shall any person use any provision this Order as a defense to an action in violation of a judicial order, judgment, or decree by any court created pursuant to the laws or constitution of this State or the laws or constitution of the United States.

IT IS FURTHER

ORDERED:   That this Order does not suspend operation of any state or federal law or regulation, except as specifically described herein.

IT IS FURTHER

ORDERED:   The Office of the Governor may continue to issue guidance on the scope of this Order as needed through communication media, including social media, without need for further Executive Orders.

IT IS FURTHER

ORDERED:   All provisions of the Order shall become effective upon signature and shall be valid for a period of five (5) days, expiring Thursday, August 8, 2024, at 11:59 P.M., unless this State of Emergency is renewed by the Governor.

IT IS FURTHER

ORDERED:   That this Order shall be effective upon signature.

This 3rd day of August 2024.

_____
GOVERNOR



# THE STATE OF GEORGIA

## EXECUTIVE ORDER

---

BY THE GOVERNOR:

### EXTENDING THE STATE OF EMERGENCY
### FOR TROPICAL DEPRESSION 4

**PURSUANT TO CODE SECTION 38-3-51, AND THE AUTHORITY VESTED IN ME AS GOVERNOR OF THE STATE OF GEORGIA, IT IS HEREBY**

**ORDERED:** That the State of Emergency for Tropical Depression 4 declared on August 3, 2024, by Executive Order No. 08.03.24.01, which is set to expire on August 8, 2024, at 11:59 P.M., is hereby extended for seven (7) days and shall expire on Thursday, August 15, 2024, at 11:59 P.M., unless it is otherwise renewed by the Governor.

**IT IS FURTHER**

**ORDERED:** That this Order shall be effective upon signature.

This 7th day of August 2024.

_____
**GOVERNOR**



# THE STATE OF GEORGIA

## EXECUTIVE ORDER

---

BY THE GOVERNOR:

**EXTENDING THE STATE OF EMERGENCY
FOR TROPICAL DEPRESSION 4**

**PURSUANT TO CODE SECTION 38-3-51, AND THE AUTHORITY
VESTED IN ME AS GOVERNOR OF THE STATE OF GEORGIA, IT IS
HEREBY**

**ORDERED:** That the State of Emergency for Tropical Depression 4 declared on August 3, 2024, by Executive Order No. 08.03.24.01, and extended by Executive Order No. 08.07.24.01, which is set to expire on August 15, 2024, at 11:59 P.M., is hereby extended for five (5) days and shall expire on Tuesday, August 20, 2024, at 11:59 P.M., unless it is otherwise renewed by the Governor.

**IT IS FURTHER**

**ORDERED:** That the following provisions of the State of Emergency for Tropical Depression 4 shall not be extended and shall expire on August 15, 2024, at 11:59 P.M.:

    (1) The suspension of the federal rules and regulations limiting hours that operators of commercial vehicles may drive pursuant to Part 395 of Title 49 of the Code of Federal Regulations; and

    (2) The increase of weight, height, and length restrictions for vehicles traveling through the State of Georgia for the purposes of providing relief related to this State of Emergency.

**IT IS FURTHER**

**ORDERED:** That the Authorization for the Georgia National Guard to provide up to two thousand (2,000) Georgia National Guard troops to assist with the preparation, response, and recovery efforts associated with this State of Emergency for Tropical Depression 4 pursuant to Executive Order No. 08.05.24.01 shall not be extended and shall expire on August 15, 2024, at 11:59 P.M.

**IT IS FURTHER**

**ORDERED:**         That this Order shall be effective upon signature.

This 14th day of August 2024.

_____
GOVERNOR



EXHIBIT K
(PICTURE OF
SOUP
CONTAINER
DROPPED BY
CUSTOMER)



# Claim # L4236747



- Your form has been sent to the claims division.
- Please PRINT THIS FORM for your records before returning to main screen.

## STORE TYPE

Store/Location number : 1111
Base division number : 01 - WAL-MART STORES INC.

## STORE/LOCATION INFORMATION

Address : 1572 ANDERSON HWY,HARTWELL,GA,30643-7197
Phone : 706-376-5400
Manager : JONES, MAURICE
Division charged :
Section code :

## CLAIM TYPE

Type of Incident : SLIP/FALL/TRIP Claim involving a customer/member that alleges slip, fall, or trip.

## SLIP/FALL INFORMATION

Type of floor :
Defects ? —
Number of photos taken :
Was surface clean ? —
Description :
Was surface dry ? —
Description :
Obstructions ? —
Description :
If obstruction merchandise, its UPC# :
Item# :
Substance :
Source of substance :
Amount :
Condition of substance :
Customer wearing glasses ? —
Carrying bundles/objects ? —
Pushing cart ? —
Shoe type :
Weather conditions ?

## INCIDENT GENERAL INFORMATION

Date of loss : 2/4/2024 7:00:00 PM
Date facility notified of loss : 2/4/2024
Accident State : GA
Claim description : Claimant slipped on spilled soup. Claimant is complaining about knee aching
Does incident involve BI, PD, or both ? Bodily Injury
Was medical treatment sought at time of incident or mentioned by the customer/member ? —

### Incident Location Information

Did incident happen on premises ? Yes
Address where injury occurred : 1572 ANDERSON HWY,HARTWELL,GA,30643-7197
Phone :

### Witness Information

Name :
Address :
Phone :

### Associate with facts relating to loss

Name : —
Title :

### Associate first on scene

Name : Fisher,gwendolyn
Title : CASHIER

**Store Contact Information**

Name :
Shift : —
Work Phone :

**Preparer**

Name : Murray,Aunwan
Title : Asset Protection Associate
Shift : —

## Claimant # 1

Name : Williams,Andrew
Associate ? —
Sex :
Address :
Home Phone # :
Work Phone # :
Birthdate :
Driver's License # :
Did customer continue to shop ?
Was Claimant a Minor ? No
Type of Injuries/Complaints : Says knee hurts and made a popping noise
Was ambulance called ? No
Was MD or hospital involved ? —

**Companion Information**

Did claimant have a companion ? Yes
Companion Name : Williams,Kaylin
Address :
Phone :

**Medical Provider Information**

Medical provider name :
Address :
Phone :

[ Back ]

## Associate Witness Statement



First Name:       gwendolyn

Last Name:       Fisher

Associate Title:       CASHIER

Role in Incident:       firstOnScene

Contact Information

   Phone Number:       ███████████

   E-Mail Address:

| Work Shifts: | Morning | | Afternoon | X Evening |
|---|---|---|---|---|
| Best Contact Time(s): | Morning | | Afternoon | X Evening |

Physical Injury

   Signs of Physical Injury:       Yes       **X** No

   Description of Injury:

Observation:

I was walking to produce for my break and heard the guy call us and saw that he was on the floor and it was some type of sauce on the floor and he want on the floor on his knees he told us that he slipped on it

*It is unlawful for any person to obtain any benefit by fraud. Any person knowingly doing so may be exposed to potential criminal and/or civil penalties.*

Witness Signature:



EXHIBIT "M"

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/18/2025
CT Log Number 548431969

## Service of Process Transmittal Summary

**TO:**      KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**      **Process Served in Georgia**

**FOR:**     Wal-Mart Stores East, LP  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Andrew Williams // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Letter(s), First Post-Judgment Interrogatories And Request |
| **COURT/AGENCY:** | HART COUNTY - SUPERIOR COURT, GA<br>Case # 24HV00346 |
| **NATURE OF ACTION:** | Letter of Intent - Letter Requesting Production Of Documents To Wal-Mart Stores East, Lp |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 02/18/2025 postmarked on 02/17/2025 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | No later than 02/28/2025 |
| **ATTORNEY(S)/SENDER(S):** | Jeremiah T. Van Dora<br>The Van Dora Law Firm, Llc<br>Post Office Box 669<br>Hartwell, GA 30643<br>706-377-4044 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/18/2025, Expected Purge Date: 02/28/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>410 Peachtree Parkway Suite 4245<br>Cumming, GA 30041<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT N



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



ORIGIN ID:AHNA (706) 377-4044
JEREMIAH VAN DORA
THE VAN DORA LAW FIRM
PO BOX 669
HARTWELL, GA 30643
UNITED STATES US

SHIP DATE: 17FEB25
ACTWGT: 0.50 LB
CAD: 4481159/INET4535

BILL SENDER

TO WAL-MART STORES EAST, LP

410 PEACHTREE PARKWAY
SUITE 4245
CUMMING GA 30041
(706) 377-4044
INV:
PO:                    REF:
DEPT:

TRK# 0201  7721 2967 0036

37 AYSA

TUE - 18 FEB 10:30A
PRIORITY OVERNIGHT

GA-US    30041
         ATL

FedEx Express ®

J251024121701uv

58CJ4/26DE/C6C4

---

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# THE VAN DORA
## L A W   F I R M, L L C

### ATTORNEYS AT LAW

| **Tash J. Van Dora** | **Jeremiah T. Van Dora** | **Tash M. A. Van Dora** |
|---|---|---|
| *tjv@vandoralaw.com* | *jvandora@vandoralaw.com* | *tvandora@vandoralaw.com* |

February 17, 2025

**VIA FEDEX OVERNIGHT**
**TRACKING NO.: 772129670036**
Wal-Mart Stores East, LP
c/o The Corporation Company (Registered Agent)
410 Peachtree Parkway, Suite 4245
Cumming, GA 30041

    RE:    **DEMAND FOR PAYMENT OF JUDGMENT**
              *Andrew Williams v. Wal-Mart Stores East, LP*
              Superior Court of Hart County
              Civil Action File No.: 24HV00346

Dear Wal-Mart Stores East, LP:

I am writing to you on behalf of my client, Mr. Andrew L. Williams, in relation to the judgment rendered against your corporation in the above-referenced case. A default judgment was entered against Wal-Mart Stores East, LP on September 25, 2024 (enclosed).

A damages hearing was held on January 15, 2025, and the Court has awarded $3,300,000.00 in favor of my client as compensation for the injuries sustained as a result of your corporation's actions. The Court also awarded court costs in the amount of $304.91 (enclosed).

**HARTWELL OFFICE**

P.O. Box 669 | 21 Vickery Street | Hartwell, GA 30643

**ATHENS OFFICE**

The Bottleworks | Prince Avenue

**TELEPHONE**
706.377.4044

The Court has issued a final judgment, and it is now your corporation's legal obligation to pay the full amount of the judgment without delay. In addition to the principal judgment amount, please be advised that pursuant to O.C.G.A. § 7-4-12, post-judgment interest is accruing on the judgment at the rate of 10.5% per annum until the judgment is paid in full.

We demand immediate payment of the judgment sum in the amount of $3,330,000.00, plus any accrued post-judgment interest. Failure to comply with the judgment may result in further legal actions to enforce payment, including but not limited to garnishment of assets, bank accounts, or other enforcement measures permitted by law.

Please remit payment in full to one of the following addresses:

**Via UPS/FedEx/Courier**
Jeremiah T. Van Dora, Esq.
The Van Dora Law Firm, LLC
21 Vickery Street
Hartwell, GA 30643

Or

**Via U.S. Mail:**
Jeremiah T. Van Dora, Esq.
The Van Dora Law Firm, LLC
P.O. Box 669
Hartwell, GA 30643

The check must be made payable as follows:

**"Andrew L. Williams and The Van Dora Law Firm, LLC, his attorneys"**

Our firm EIN is 46-2123203. Please see enclosed W-9.

We expect your prompt attention to this matter and request that payment be made no later than February 28, 2025. Should you have any questions or wish to discuss a payment arrangement, please contact my office immediately at (706) 377-4044 or jvandora@vandoralaw.com.

If payment is not made by the specified date, we will have no choice but to take further legal steps to ensure enforcement of the judgment, which may incur additional costs and fees for your corporation.

We look forward to your prompt compliance with the judgment.

Sincerely,

**JEREMIAH T. VAN DORA**

Enclosures: Default Judgment,
             Judgment (Damages),
             W-9 – The Van Dora Law Firm, LLC

JTV:
cc: Mr. Andrew Williams (w/enclosures)



# THE VAN DORA
## L A W   F I R M ,   L L C

### ATTORNEYS AT LAW

| **Tash J. Van Dora** | **Jeremiah T. Van Dora** | **Tash M. A. Van Dora** |
|---|---|---|
| *tjv@vandoralaw.com* | *jvandora@vandoralaw.com* | *tvandora@vandoralaw.com* |

February 17, 2025

**VIA FEDEX OVERNIGHT**
**TRACKING NO.: 772129670036**
Wal-Mart Stores East, LP
c/o The Corporation Company (Registered Agent)
410 Peachtree Parkway, Suite 4245
Cumming, GA 30041

RE:    Andrew Williams v. Wal-Mart Stores East, LP
       Superior Court of Hart County
       Civil Action File No.: 24HV00346

Dear Wal-Mart Stores East, LP:

Enclosed please find your service copy of the following documents:

1. Plaintiff's First Post-Judgment Interrogatories;
2. Plaintiff's First Post-Judgment Request for Production of Documents;
3. Rule 5.2 Certificate of Service.

Sincerely,

**JEREMIAH T. VAN DORA**

Enclosures: as stated

JTV:
cc: Mr. Andrew Williams (w/o enclosures)

**HARTWELL OFFICE**
P.O. Box 669  |  21 Vickery Street  |  Hartwell, GA 30643

**ATHENS OFFICE**
The Bottleworks  |  Prince Avenue

**TELEPHONE**
706.377.4044

**IN THE SUPERIOR COURT OF HART COUNTY**
**STATE OF GEORGIA**

ANDREW L. WILLIAMS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

CIVIL ACTION FILE №: 24HV00346

---

## PLAINTIFF'S FIRST POST-JUDGMENT INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WAL-MART STORES EAST, LP

---

TO:   Wal-Mart Stores East, LP
      c/o The Corporation Company
      Registered Agent
      410 Peachtree Parkway, Suite 4245
      Cumming, GA 30041

Plaintiff Andrew L. Williams pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Wal-Mart Stores East, LP, (hereinafter "Wal-Mart") in the above-styled case, for response within the time as required by law after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1

## INTERROGATORIES

1.

Please list all real property in which Wal-Mart has any interest. Please also state the street address, the city, the county, and the state in which each parcel is located.

2.

Please list all tangible property worth at least $250 in which Wal-Mart has any ownership interest and please state the exact location of each such item.

3.

List the names of all banks, savings institutions, or other financial institutions where Wal-Mart has an account, or in the name of another person or business, but against which Wal-Mart is authorized to draw checks or make withdrawals. Please also state the amount in each account as of receipt of these interrogatories.

4.

Please list the names, addresses, and telephone numbers of all accountants and/or attorneys you have employed or used in the last three (3) years.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Produce all copies of income tax returns filed by Wal-Mart with Federal, State and local governments for the last three (3) years.

2.

Produce all records of all banking accounts maintained by Wal-Mart including by not limited to monthly statements, deposit slips, and deposit books for the last three (3) years.

3.

All evidence of property and/or interest in property of every kind and character owned by Wal-Mart, individually and/or jointly with others, including reversionary interests, notes, corporate agreements, partnership agreements, and profit sharing statements.

4.

All deeds of any kind which name Wal-Mart as a grantee or grantor, individually and/or jointly with any other, relating to property in which Wal-Mart has equity or an interest.

5.

All automobile tag registration certificates and automobile title certificates naming Wal-Mart, individually and/or jointly with any other, as owner.

3

6.

All stock certificates, bond certificates, mutual funds certificates, and any other evidence of ownership of any interest in any corporation, or fund naming Wal-Mart, individually and/or jointly with any other, as owner.

7.

All copies of financial and/or net worth statements submitted by Wal-Mart to any bank or lending institution for the last three (3) years.

8.

Any and all agreements entered into between Wal-Mart and any other persons, firms, or corporations with respect to any business in which Wal-Mart is presently engaged.

9.

Any and all monthly, quarterly, or annual cash flow summaries, profit and loss statements, income statements of any nature for the last three (3) years.

10.

Any partnership agreements, stockholder's agreements, buy-sell agreements or other agreements of any nature relating to Wal-Mart or to any partnership, corporation, or other business entity which Wal-Mart has an interest.

4

11.

Any other documents which show property, real or personal, owned by Wal-Mart, wholly or partially, individually or jointly, and/or which show the value of the property.

12.

Any and all documents which show Wal-Mart's financial worth.

Respectfully submitted,

This 17th day of February 2025.

THE VAN DORA LAW FIRM, LLC

/s/ Jeremiah T. Van Dora
JEREMIAH T. VAN DORA
GEORGIA BAR NO. 798552
ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:    (706) 377-4044
FACSIMILE:    (678) 623-3859
E-MAIL:    JVANDORA@VANDORALAW.COM

5

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing

PLAINTIFF'S POST JUDGMENT INTERROGATORIES AND REQUEST FOR PRODUCTION

OF DOCUMENTS TO WAL-MART STORES EAST, LP by FedEx Statutory Overnight

Delivery, and addressed as follows:

**Wal-Mart Stores East, LP**
**c/o The Corporation Company (Registered Agent)**
**410 Peachtree Parkway, Suite 4245**
**Cumming, GA 30041**

This the 17th day of February 2025.


THE VAN DORA LAW FIRM, LLC


_/s/ Jeremiah T. Van Dora_
Jeremiah T. Van Dora
Attorney for Plaintiff
Georgia State Bar No. 798552

[Type here]

**IN THE SUPERIOR COURT OF HART COUNTY**
**STATE OF GEORGIA**

ANDREW L. WILLIAMS,

      Plaintiff,

VS.

WAL-MART STORES EAST, LP,

      Defendant.

CIVIL ACTION FILE №: 24HV00346

---

## CERTIFICATE OF DISCOVERY FILING PURSUANT TO RULE 5.2 OF THE UNIFORM COURT RULES

Pursuant to Uniform Superior Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiff, Andrew L. Williams, served copies of the following:

1.    Plaintiff's First Post-Judgment Interrogatories and Request for Production of Documents to Wal-Mart Stores East, LP.

by Statutory Overnight Delivery, postage prepaid and properly addressed as follows:

Respectfully Submitted, this 17th Day of February, 2025.

THE VAN DORA LAW FIRM, LLC

/s/ *Jeremiah T. Van Dora*
JEREMIAH T. VAN DORA, ESQ.
GEORGIA BAR NO. 798552
ATTORNEY FOR PLAINTIFF

THE VAN DORA LAW FIRM, LLC
POST OFFICE BOX 669
HARTWELL, GEORGIA 30643
TELEPHONE:   (706) 377-4044
FACSIMILE:   (678) 623-3859
E-MAIL:      JVANDORA@VANDORALAW.COM

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing CERTIFICATE OF DISCOVERY FILING PURSUANT TO RULE 5.2 OF THE UNIFORM COURT RULES by FedEx Statutory Overnight Delivery, and addressed as follows:

**Wal-Mart Stores East, LP**
**c/o The Corporation Company (Registered Agent)**
**410 Peachtree Parkway, Suite 4245**
**Cumming, GA 30041**

This the 17th day of February 2025.

THE VAN DORA LAW FIRM, LLC

/s/ *Jeremiah T. Van Dora*
Jeremiah T. Van Dora
Attorney for Plaintiff
Georgia State Bar No. 798552

-2-

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

ANDREW L. WILLIAMS,

        Plaintiff,

v.

WAL-MART STORES EAST, LP

        Defendant.

_____/

Civil Action File No.
24HV00346

## NOTICE OF MANUAL FILING OF EXHIBITS "D" AND "E" TO DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO SET ASIDE, OPEN DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE, FOR NEW TRIAL

Please take notice that Defendants have manually filed with the Clerk of this Court the following electronic media in support of DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO SET ASIDE, OPEN DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE, FOR NEW TRIAL because the same could not be filed through the Peachcourt E-filing system:

    *     DVD containing Exhibits "D" and "E" Store Video of Incident

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP


3445 Peachtree Rd., NE, Ste. 500
Atlanta, GA 30324;
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

This is to certify that on March 6, 2025, I electronically filed NOTICE OF MANUAL FILING OF EXHIBITS "D" AND "E" TO DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO SET ASIDE, OPEN DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE, FOR NEW TRIAL with the Clerk of Court and that I have this day served counsel for the opposing party in the foregoing matter with a copy (including a copy of the DVD with Exhibits "D" and "E") by depositing said copy in the U. S. Mail in a properly addressed envelope with adequate postage thereon, as follows:

> Jeremiah T. Van Dora
> The Van Dora Law Firm, LLC
> Post Office Box 669
> Hartwell, Georgia 30643

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant

3445 Peachtree Rd., NE, Ste. 500
Atlanta, GA 30324
(404) 365-453; ndeeb@mmatllaw.com