IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF GEORGIA
ATHENS DIVISION

ANDREW L. WILLIAMS,

        Plaintiff,

v.

WAL-MART STORES EAST, LP

        Defendant.

_____/

Civil Action File No.

3:25-cv-00033-CDL

**DEFENDANT'S MOTION AND MEMORANDUM
IN SUPPORT OF ITS REQUEST FOR AN ORDER STAYING
EXECUTION OF JUDGMENT AND REQUEST TO SET A BOND**

Pursuant to Fed. R. Civ. Proc. 62(b), Defendant Wal-Mart Stores East, LP

hereby moves for an order staying execution of judgment and requesting the Court

to set a bond. This case was properly and timely removed from Superior Court of

Hart County, Georgia. (ECF No. 1). The state court entered a judgment in the

amount of $3,300,000 plus $304.91 in court costs (total of $3,300304.91) on January

15, 2025. (ECF No. 1-1, Page 29). On March 6, 2025, Walmart contemporaneously

filed a Motion to Set Aside/Open Default/for New Trial, an Answer, and a Removal

to this Court. (ECF No. 1-1). Motions to set aside default judgment pending in state

court are properly considered by the federal court after removal. *Motley v. Option

One Mortg. Corp.*, Civil Action No. 2:08cv659–WHA, 2009 WL 2059089, at *1

Page 1

(M.D. Ala. July 13, 2009); *Ware v. Fleetboston Financial Corp.*, 190 Fed.Appx. 59, 63-64 (11th Cir. May 2, 2006) ("[B]ecause the state action was properly removed to federal district court under original jurisdiction, the district court had authority to set aside orders of the state court under Rule 60(b)"). "When a case is removed to federal district court under original jurisdiction 'the federal court takes it as [though] everything done in the state court had in fact been done in the federal court.'" *Ware*, 190 Fed.Appx. at 63-64 (*quoting Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). "Therefore, 'a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal.'" *Id*. at 64 (*quoting Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988)). "Once a civil case is removed to federal court, the Federal Rules of Civil Procedure apply to that action." *Amin-Patel v. Emory Univ.*, CIVIL ACTION FILE NO. 1:19-CV-1213-MHC, 2019 WL 13268143, at *2 (N.D. Ga. July 8, 2019) (*citing* Fed. R. Civ. P. 81(c)(1); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438 (1974)) Thus, Walmart's   Motion to Set Aside filed in state court is now properly considered by this Court pursuant to Fed. R. Civ. Proc. 60. For the reasons set for below, Walmart requests that this Court grant this Motion and set an appropriate bond in this matter.

Page 2

## **<u>Argument and Citation of Authority</u>**

Rule 62(b) allows for a stay pending post-judgment motions and appeal if the appellant files a supersedeas bond. *See* Fed. R. Civ. P. 62(b). While the stay is a matter of right (*see United States v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984) (citations omitted)), this Court has the discretionary authority to determine the amount of the bond. *See e.g. Prudential Insurance Company of America v. Boyd,* 781 F.2d 1494 (11th Cir. 1986). While Walmart is prepared to submit a superseadeas bond in the amount this Court directs, Walmart respectfully requests the Court approve a bond in the amount of $3,646,837.02. (See Exhibit "A," Bond).

In support of this request, Walmart notes that under Georgia law, post-judgment interest on the principal amount recovered is governed by the prime rate as published by the Board of Governors of the Federal Reserve System, as published in statistical release on the day the judgment is entered, plus 3 percent. *See* O.C.G.A. § 7-4-12. The prime rate as of January 15, 2025 was 7.5 percent, which would yield a resulting interest rate of 10.5 percent. A supersedeas bond serves to fully secure a judgment and maintain the status quo while a case is on appeal.  *B & F System, Inc. v. LeBlanc*, Civil Action 7:07-CV-192 (HL), 2012 WL 12965748, at *1 (M.D. Ga. Aug. 9, 2012).

> "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). The party seeking a stay pending

> appeal usually must post a full security supersedeas bond—one that covers "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay...." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

*Id.* "While the Middle District of Georgia does not have a local rule containing a standard supersedeas bond formula, many districts do have a formula that creates a bond more valuable than the judgment." *Id.* at *2. "The extra percentage over the judgment amount serves to provide security for interest and costs on appeal and an award of damages for delay." *Id.* In *B & F System, Inc. v. LeBlanc*, for instance, Judge Lawson approved a bond with a 10% enhancement on a judgment of $1,791,591.61. *Id.*

Here, Walmart requests approval of a bond with a 10.5% enhancement. The median length of an appeal in the Eleventh Circuit from time of filing notice of appeal to disposition should guide this Court. As of December 31, 2024, it was 9.4 months. *See* Administrative Office of the U.S. Courts, Federal Court Management Statistics – 2024, U.S. Court of Appeals, Judicial Caseload Profile, Eleventh Circuit. [1] Rounding the judgment up to the nearest dollar, 10.5% would represent one year of post-judgment interest—totaling $346,532.02. When added to the judgment amount the interest yields a total amount of $3,646,837.02. For these reasons, Walmart

---

[1] See https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_appprofile1231.2024.pdf (last visited March 3, 2025).

requests that this Court exercise its authority and set a bond not to exceed $3,646,837.02.

## CONCLUSION

Walmart requests that the Court enter an Order immediately staying the execution of the judgment until at least 30 days after disposition of pending post-judgment motions and, if necessary, an appeal outcome, whichever is later, and upon entry of the supersedeas bond pursuant to Fed. R. Civ. P. 62(d) for an amount the Court determines is necessary and reasonable to protect Plaintiff's ability to ultimately collect in the event the judgment is not vacated by the Court upon grant of Walmart's Motion to Set Aside or overturned on appeal (if necessary), but not to exceed $3,646,837.02.

McLAIN & MERRITT, P.C.

 /s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March, 2025, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notifications to the attorneys of record.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com