# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ANDREW L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action File No. |
| | ) |
| WAL-MART STORES EAST, LP, | ) 3:25-cv-00033-CDL |
| | ) |
| | ) |
| Defendant. | ) |

_____

## PLAINTIFF'S MOTION TO REMAND

On March 6, 2025, Defendant Wal-Mart Stores East, LP ("Wal-Mart")

removed this action to federal court on the grounds of diversity jurisdiction,

coupled with its claim that the amount in controversy was unknown until it

received the default judgment against it on February 17, 2025. Wal-Mart's notice

of removal nearly seven months after the state court action commenced in the

Superior Court of Hart County, six months after it was served in the state court

action, and more than one month after the state court action was closed. As

Defendant's notice of removal is undeniably untimely, and no circumstances

offered by Wal-Mart saves it from this procedural defect, the case is properly

remanded to state court.

## BACKGROUND

On February 4, 2024, Plaintiff Andrew Williams slipped on a substance on the floor of the Wal-Mart Supercenter Store 1111, located in Hartwell, Georgia, suffering considerable injuries as a result. Mr. Williams filed a Complaint for Damages on August 5, 2024 in the Superior Court of Hart County. Doc. No. 1-1 (Compl. 24HV00346).[1] It is uncontested that on August 7, 2024, Defendant was properly served with the complaint and summons by the Hart County Sheriff's Department thorough personal service on a manager of the store authorized to accept it, Kayla Parham. Ex. 1 (Sheriff's Entry of Service); *see also* Doc. 1 (Notice of Removal) at 2 (acknowledging service), Doc. 5-2 (Parham Affid. at ¶ 3 ("[a] sheriff's deputy **served lawsuit papers on me** which I was working at the Store"; ¶ 5 "**I forgot to follow up** with [Asset Protection Operations manager] to confirm that he received the lawsuit papers." (emphasis added)). The Sheriff's return of service was properly filed with the Clerk of Court of Hart County Superior Court on August 12, 2024. Ex. 1.

Defendant Wal-Mart did not file an answer to the complaint, nor did it timely file a notice of removal. Instead, Wal-Mart's notice of removal was not filed until March 6, 2025—wholly seven months after service, and far outside the thirty-

---

[1]    Defendant's Notice of Removal contains a scrivener's error in the caption of the Hart County case, incorrectly identifying the case number as 24HV0033. Doc. 1, ¶ 1.

day window provided by 28 U.S.C. § 1446(b). Indeed, despite the proper service, Wal-Mart declined to participate in the state court proceedings at all.

When Wal-Mart neglected to file an answer to the complaint, Plaintiff moved for a default judgment. Ex. 2 (Pl. Mot. for Entry of Default Judgment filed Sept. 24, 2024). That motion was granted, and an entry of default judgment was entered. Ex. 3 (Order Granting Mot. for Entry of Default Judgment filed Sept. 25, 2024). A hearing on Plaintiff's damages was held on January 15, 2025, and a judgment was entered the same day. Ex. 4 (Final Judgment entered Jan. 15, 2025). Importantly, a case disposition form closing the case was also entered January 15, 2025. Ex. 5 (Case Disposition Form entered Jan. 15, 2025).

Georgia law provides that any appeal from the final judgment in a civil case be taken within 30 days of the entry of that order. *See* O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ."); § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment . . . ."). Here, Wal-Mart's opportunity to appeal the judgment expired on February 14, 2025, and a new term of court for Superior Court of Hart County began on February 17, 2025. *See* O.C.G.A § 15-6-3 (27) (providing for the terms of court in the Northern Circuit; Hart County terms of court begin on the third Monday in February and August). As discussed more fully below, with the new term of court, the state court

lost the ability to revise or open a default judgment outside the narrow exceptions outlined in O.C.G.A. § 9-11-60(d), none of which are even arguably applicable here.[2] The state court case was no longer pending at the time Defendant filed its Notice of Removal on March 6, 2025. Doc. 1.

This Motion to Remand is timely, as it was "made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

## STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action **is pending**." 28 U.S.C. § 1441(a) (emphasis added). The existence of a pending action is a prerequisite to removal. *Villari v. S. Fin. Grp., Inc.*, No. 06-60454-CIV, 2006 WL 8432476, at *2-3 (S.D.

---

[2]    O.C.G.A. § 9-11-60 (d) provides that a motion to set aside may be brought to set aside a judgment based upon:
>    (1) Lack of jurisdiction over the person or the subject matter;
>    (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or
>    (3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

As will be more fully addressed in Plaintiff's Response in Opposition to Defendant's Motion to Set Aside filed contemporaneously with this Motion to Remand and expressly incorporated by reference here, Wal-Mart's argument that O.C.G.A. § 9-11-60(d)(3) applies in this circumstances (Doc. 5-1 at 17-20) is wholly without merit.

Fla. June 30, 2006) (finding that Defendant's removal was untimely because state court action was no longer pending after default judgment entered); s*ee also* *Garbutt v. Southern Clays, Inc.*, 844 F. Supp. 1551 (M.D. Ga. 1994) (holding that "removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal'" (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983))).

To remove a case from state to federal court, a defendant must "file in the district court . . . a notice of removal." *See* 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The 30-day window of § 1446 is an "express statutory requirement for removal and the failure to comply 'can fairly render the removal defective and justify remand.'" *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also* 28 U.S.C. § 1447(c) (providing that a plaintiff may move to remand a case "on the basis of any defect").

"[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (internal quotation marks omitted; quoting *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). As

the Eleventh Circuit has explained, "when we evaluate whether the particular factual circumstances of a case give rise to removal jurisdiction, we 'strictly construe[] the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that **all uncertainties as to removal jurisdiction are to be resolved in favor of remand**.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (emphasis added; quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

<u>**ARGUMENT AND CITATIONS TO AUTHORITY**</u>

I.    **Wal-Mart's Attempted Removal in March 2025 Must Fail Because the State Court Case was no Longer Pending**

The existence of a pending action in state court is a prerequisite to removal. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action **is pending**." (emphasis added)). In assessing jurisdictional facts, the Eleventh Circuit has consistently

6

noted that whether a district court has subject matter jurisdiction is determined by the facts as known at the time of the filing of the notice of removal. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal"); *see also Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017) ("diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal" (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016)); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined **according to the plaintiffs' pleading at the time of the petition for removal**." (emphasis added)).

Here, there is no question that at the time Wal-Mart filed its March 6, 2025 Notice of Removal, the Hart County action was no longer "pending" in the state court. The final judgment had been entered, the case closed, and both the time for appealing the judgment (February 14, 2025) and the Superior Court's term of court (February 17, 2025) had expired. *See* Ex. 4 (Final Judgment, entered Jan. 15, 2025), Ex. 5 (Case Disposition Form, entered Jan. 15, 2025). Consequently, Wal-Mart's effort to invoke this Court's jurisdiction over a closed state court case is unpersuasive, and the matter should be remanded. *Aurora Loan Srvs., LLC v.*

*Allen*, 762 F. App'x 625, 627-28 (11th Cir. 2019) (noting that courts have allowed post-judgment removal in limited circumstances, but refusing to allow removal when the case had "completely concluded" and "nothing remained for the state courts to do but execute the judgment").

A sister court in the Eleventh Circuit has addressed a near-identical procedural posture to this matter, and determined that after the time for appealing a default judgment had passed, the case was no longer "pending" in state court within the meaning of Section 1441(a), and remand was appropriate. *Villari v. S. Fin. Grp., Inc.*, No. 06-60454-CIV, 2006 WL 8432476 (S.D. Fla. June 30, 2006) ("The Court does not dispute that removal may occur in some situations after default judgment has been entered; however, removal may not occur after a case has been closed and is therefore no longer pending."). Like Wal-Mart here, the defendant in that matter relied on precedent that permits a defendant to remove a case to federal court following the entry of a final judgment in state court in only very narrow circumstances. *Compare id.* at *3-4 (distinguishing *In re Savers Federal Savings & Loan Assoc.*, 872 F.2d 963 (11th Cir. 2006) and *Ware v. FleetBoston Financial Corp.*, 180 F. App'x 59 (11th Cir. 2006)) *with* Doc. 1, ¶ 8 (Notice of Removal citing *In re Savers* and *Ware* for the proposition that removal is proper even though a default judgment has been entered in state court). But, as the district court in *Villari* noted, the state court cases in those matters remained

8

pending because the time for an appeal had not yet run:

> However, [*In re Savers* and *Ware*] are distinguishable from the case at hand in that the question was whether a case on appeal following a final judgment was removable. In *Ware*, the Court held that a case is removable notwithstanding a notice of appeal. Furthermore, since the appeal period had not yet lapsed, the final judgment entered in state court did not preclude removal. In *In re Savers*, the Court held that after there has been a final judgment by the state trial court and the period for appeal has not yet lapsed, a case is still considered an "action from a State court" and can be removed to a federal forum.

*Villari*, 2006 WL 8432476, *3-4 (internal citations omitted).

Wal-Mart has not directed this Court's attention to any case—Eleventh Circuit or elsewhere—that would support its demand to remove a closed state court case to federal court. Other circuits, however, have rejected similar efforts. *See, e.g.*, *Aurora Loan Servs.*, 762 F. App'x at 628-29 ("Removal is simply not possible after a final judgment and the time for direct appellate review has run . . . **no case remains pending in the state court to 'remove' once the case is final for purposes of direct review in the state court system**." (emphasis added; collecting cases including *Oviedo v. Hallbauer*, 655 F.3d 419, 422-23 (5th Cir. 2011)); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("[W]hen all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a

9

litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation.").

Wal-Mart ignores the distinction between a closed case and a still pending case entirely in its Notice of Removal, but the facts and the law squarely oppose removal here. This case is properly remanded.

## II.    Defendant's March 6, 2025 Removal was Untimely

Beyond the fact that Wal-Mart's attempt to remove the closed state court case is foreclosed, its Notice of Removal is also untimely. Under Section 1446(b), a defendant must file its notice of removal "within 30 days" of its receipt, "through service or otherwise," of a copy of the plaintiff's complaint. 28 U.S.C. § 1446(b)(1). Wal-Mart received the complaint through service on August 7, 2024. Ex. 1. Its 30-day removal window thus expired on September 8, 2024.[3] Wal-Mart did not file its Notice of Removal until March 6, 2025—nearly seven months *after* the window had closed. Given this delay, which Wal-Mart cannot dispute, its removal was untimely and the case must be remanded.

*First,* the text of the removal statute plainly and unambiguously requires that a notice of removal "shall be filed within 30 days" of the defendant's receipt of the complaint. 28 U.S.C. § 1446(b)(1). It does not say that the notice of

---

[3]    *See generally* Fed. R. Civ. P. 6(a)(1)(c) (where the last day of the period is a "Saturday, Sunday, or legal holiday," the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday").

removal *may* be filed in 30 days, or even that it shall be filed within 30 days unless the removing party shows good cause or excusable neglect. "If Congress had wanted" to create a more fluid removal deadline, "it would have said so." *Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1172 (11th Cir. 2008). Indeed, Congress *has* set out exceptions to the time limitations for removal in other limited circumstances. *See, e.g.*, 28 U.S.C. § 1441(d) (time limitations of section 1441(b) for actions against foreign states "may be enlarged at any time for cause shown"). But it has not done so here.

*Second*, the Eleventh Circuit has frequently cautioned lower courts to construe and apply the removal statute strictly. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," with all doubts resolved "in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *King v. Gov't Employees Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) ("A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed."); *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."). Wal-Mart asks the Court to ignore the express statutory requirements of Section 1446 to infringe on state sovereignty, as well as upset the delicate balance Congress has

11

struck between federal and state courts.

*Third*, no exception saves Wal-Mart from its untimely filing. As noted above, removal of civil actions from state court to federal court is governed by 28 U.S.C. § 1441. Subject to certain inapplicable exceptions, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Wal-Mart does not expressly invoke Section 1446(b)(3), but hints at its application indirectly by citing the February 18, 2025 service of a letter from Plaintiff's counsel demanding payment of the judgment as triggering its 30-day removal period. Doc. 1, ¶ 2.

Even if a federal court otherwise has subject matter jurisdiction over a removed case, remand is warranted if the defendant filed its notice of removal too late. 28 U.S.C. § 1447(c). Section 1446(b) has two primary subsections governing removal timing: (b)(1) and (b)(3). *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756-58 (11th Cir. 2010). They serve to "encourage expeditious removals from state to federal court" to "avoid the evils of the delay necessarily attendant upon the change of forum." *Id.* at 767 (internal quotation marks omitted). "[T]he traditional understanding was that removal was both permitted *and required* 'as

12

soon as the action assumes the shape of a removable case.'" *Id.* at 760

(quoting *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 101 (1898);

emphasis in *Pretka*).

A defendant may remove a case under subsection (b)(1) based on diversity

jurisdiction if the amount in controversy is facially apparent from the

complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061, 1066 (11th Cir.

2010) (holding a defendant may remove a case based on diversity jurisdiction if the

complaint does not expressly seek damages exceeding $75,000 but it is otherwise

"'facially apparent' from the pleading itself that the amount in controversy exceeds

the jurisdictional minimum."). Here, the complaint specifically alleged that

Plaintiff:

- Slipped on a foreign substance and "fell violently to the floor" of Defendant's store, Doc. 1-1 (Compl.), ¶ 13;

- Suffered serious injuries, including pain, suffering, discomfort, and substantial medical expenses, *id.* ¶ 14;

- Requested an amount of damages for past medical and related expenses, *id.* ¶ 17 (b);

- Requested further compensation for future medical and related expenses; *id*;

- Sought damages for lost income past and/or future and/or diminished earning capacity; *id.*;

- Asked for compensation for past and future pain and suffering, *id.*

In the absence of a specific request for damages by the plaintiff, a removing

defendant bears the burden of proving by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). The defendant may meet this burden by submitting evidence or by showing that it is "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1061; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). While no dollar amount is demanded in the complaint itself, the removing defendant is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. And in resolving these issues, the district court may rely on its "judicial experience and common sense." *Roe*, 613 F.3d at 1063; *see also Fowles v. TJX Co., Inc.*, No. 4:21-cv-00198-CDL, 2022 WL 188134, at *3 (M.D. Ga. Jan. 20, 2022) (after "assuming the allegations in the Complaint are true and making reasonable inferences based on common sense and experience," the court found unspecified damages in complaint that a fall with injury to the plaintiff's leg in the defendant's store seeking damages for past and future medical expenses, pain and suffering, and emotional distress on its face demonstrates the amount in controversy exceeded $75,000). Given the nature and extent of the damages and compensation sought, it was facially apparent from the complaint that the amount in controversy would meet or exceed $75,000.

Here, Wal-Mart unquestionably was served with the complaint on August 7, 2024, putting it on notice of the allegations of injury and damages. It did not require the final judgment and damages award to establish the jurisdictional threshold of $75,000 had been met when it was facially apparent from the facts alleged in the complaint that the case was removeable at that time Wal-Mart was first notified of the state court lawsuit. Wal-Mart lost its opportunity to remove the case by not doing so within thirty days of service, as required by Section 1446(b)(1).

## CONCLUSION

If jurisdiction is doubtful, a case must be remanded back to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). The removal statute is construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Here, Wal-Mart has failed to meet its burden of establishing jurisdiction in this Court over a closed state court case removed pursuant to an untimely notice. This case is properly remanded.

Respectfully submitted this 28th day of March, 2025.

**THE VAN DORA LAW FIRM, LLC**

Jeremiah T. Van Dora
Georgia Bar No. 798552

15

Post Office Box 669
Hartwell, Ga 30643
T: 706.377.4044
jvandora@vandoralaw.com

**CROSS KINCAID BASKAM LLC**

*/s/ Anna Green Cross*
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, Ga 30030
T: 404.948.3022
anna@crosskincaid.com

*Co-Counsel for Plaintiff*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 28, 2025, I electronically filed the forgoing MOTION TO REMAND with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

**CROSS KINCAID BASKAM LLC**

*/s/ Anna Green Cross*
Anna Green Cross
Georgia Bar No. 306674

*Co-Counsel for Plaintiff*

17