## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| ANDREW L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action File No. |
| | ) |
| WAL-MART STORES EAST, LP, | ) 3:25-cv-00033-CDL |
| | ) |
| | ) |
| Defendants. | ) |

_____

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WAL-MART'S MOTION TO SET ASIDE DEFAULT JUDGMENT, OPEN DEFAULT, OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

This matter stems from a personal injury case filed by Plaintiff in the Superior Court of Hart County, Georgia, in August 2024. There is no question that Defendant Wal-Mart Stores East, LP ("Wal-Mart") was properly served with the Complaint, and that it failed to file an answer or otherwise participate in the litigation. Over a period of several months, the state court entered a default judgment against Wal-Mart, held a damages hearing, entered a final judgment, and closed the case. Only after that final disposition was filed and the time for filing a notice of appeal had passed did Wal-Mart file a Notice of Removal to this Court from the state court. Doc. 1. Seeking a wholesale litigation do-over, the following day Wal-Mart filed the instant Motion to Set Aside Default Judgment, Open

Default, or, in the Alternative, Motion for New Trial. Doc. 5.

For all of the reasons set out in Plaintiff's Motion to Remand filed contemporaneously with this Response and specifically incorporated here, removal of this already closed case was improper and the case is properly sent back to state court. But even should this Court entertain Defendant's Motion to Set Aside, Wal-Mart is entitled to none of the relief it seeks.

## BACKGROUND

On February 4, 2024, Plaintiff Andrew Williams slipped on a substance on the floor of Wal-Mart Supercenter Store 1111, located in Hartwell, Georgia, suffering considerable injuries as a result. Mr. Williams filed a Complaint for Damages on August 5, 2024 in the Superior Court of Hart County. Doc. No. 1-1 (Compl. 24HV00346).[1] It is uncontested that, Wal-Mart was properly served with the complaint and summons by the Hart County Sheriff's Department on August 7, 2024 thorough personal service on a manager of the store authorized to receive it, Kayla Parham. Doc. 9-1 (Sheriff's Entry of Service); *see also* Doc. 1 (Notice of Removal) at 2 (acknowledging service), Doc. 5-2 (Parham Affid. at ¶ 3 ("[a] sheriff's deputy **served lawsuit papers on me** which I was working at the Store"; ¶ 5 "**I forgot to follow up** with [Asset Protection Operations manager] to confirm

---

[1]     Defendant's Notice of Removal contains a scrivener's error in the caption of the Hart County case, incorrectly identifying the case number as 24HV0033. Doc. 1, ¶ 1.

that he received the lawsuit papers." (emphasis added)). The Sheriff's return of service was properly filed with the Clerk of Court of Hart County Superior Court on August 12, 2024. Doc. 9-1.

Defendant Wal-Mart did not file an answer to the complaint, nor did it timely file a notice of removal. Instead, Wal-Mart's notice of removal was not filed until March 6, 2025—a full seven months after service, and far outside the thirty-day window provided by 28 U.S.C. § 1446(b). Indeed, despite the proper service, Wal-Mart declined to participate in the state court proceedings at all.

When Wal-Mart neglected to file an answer to the complaint, Plaintiff moved for a default judgment. Doc. 9-2 (Pl. Mot. for Entry of Default Judgment filed Sept. 24, 2024). That motion was granted. Doc. 9-3 (Order Granting Mot. for Entry of Default Judgment filed Sept. 25, 2024). A hearing on Plaintiff's damages was held on January 15, 2025, and a judgment was entered the same day. Doc. 9-4 (Final Judgment entered Jan. 15, 2025). Importantly, a case disposition form closing the case was also entered January 15, 2025. Doc. 9-5 (Case Disposition Form entered Jan. 15, 2025).

Georgia law provides that any appeal from the final judgment in a civil case be taken within 30 days of the entry of that order. *See* O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ."); § 5-6-31 ("The filing with the clerk of a

judgment, signed by the judge, constitutes the entry of a judgment . . . ."). Here, Wal-Mart's opportunity to appeal the judgment expired on February 14, 2025. Then a new term of court began for Superior Court of Hart County on February 17, 2025. *See* O.C.G.A § 15-6-3 (27) (providing for the terms of court in the Northern Circuit; Hart County terms of court begin on the third Monday in February and August). As discussed more fully below, with the new term of court, the state court lost the ability to revise or open a default judgment outside the narrow exceptions outlined in O.C.G.A. § 9-11-60(d), none of which are even arguably applicable here. The state court case was no longer pending at the time Defendant filed its Notice of Removal on March 6, 2025. Doc. 1.

In this Court, Wal-Mart filed a Motion to Set Aside Default Judgment, Open Default, or, in the Alternative, Motion for New Trial (Doc. 5) and Brief in Support (Doc. 5-1).[2] It is entitled to none of the relief it seeks.

## STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action **is pending**." 28 U.S.C. § 1441(a)

---

[2]    It appears that Defendant's Brief in Support of its Motion (Doc. 5-1) exceeds the page limitation imposed by local rule 7.4 ("Except upon good cause shown and leave given by the court, all briefs in support of. A motion… are limited in length to twenty (20) pages.").

(emphasis added). The existence of a pending action is a prerequisite to removal. *Aurora Loan Services, LLC v. Allen, 762 Fed. Appx.* 625, 627-28 (11th Cir. 2019) (noting that courts have allowed post-judgment removal in limited circumstances, but refusing to allow removal when the case had "completely concluded" and "nothing remained for the state courts to do but execute the judgment"); *see also Villari v. S. Fin. Grp., Inc.*, No. 06-60454-CIV, 2006 WL 8432476, at *2-3 (S.D. Fla. June 30, 2006) (finding that Defendant's removal was untimely because state court action was no longer pending after default judgment entered).

Should this Court determine that Wal-Mart's removal was timely, it appears the Court has the authority to consider Wal-Mart's Motion to Set Aside. *Amin-Patel v. Emory Univ.*, No. 1:19-CV-1213-MHC, 2019 WL 13268143, at *4 (N.D. Ga. July 8, 2019) ("Once a civil case is removed to federal court, the Federal Rules of Civil Procedure apply to that action." (citation omitted)). FED. R. CIV. P. 81(c)(1); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438, 94 S. Ct. 1113 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal."). Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment[.]" The Eleventh Circuit has explained that "'[g]ood cause' is a mutable standard, varying from

situation to situation. It is also a liberal one-but **not so elastic as to be devoid of substance**." *Compania Interamerican Exp.-Imp., S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (emphasis added, quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)). To determine if default should be set aside, courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *Id*.

Finally, Georgia state law disfavors setting aside a judgment based on a claim of excessiveness. *Arnsdorff v. Fortner*, 276 Ga. App. 1, 4 (2005) ("before a verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear 'exorbitant,' 'flagrantly outrageous' and 'extravagant.'… It must carry its death warrant upon its face." (internal punctuation and citations omitted). Wal-Mart makes no effort to meet this extremely high standard.

The weight of factors here favor denying Wal-Mart's effort to open default, or otherwise obtain relief from the final judgement entered by the state court.

6

## ARGUMENT AND CITATIONS TO AUTHORITY

**I.    O.C.G.A. § 9-11-60 (d) Provides no Basis Under Georgia Law for Setting Aside Default**

Wal-Mart's motivation in filing its somewhat disjointed effort to remove this case after its final disposition in state court comes into focus when the long odds it faces to open default under Georgia law become clearer. Defendant's effort to expand the narrow provisions of O.C.G.A. § 9-11-60(d) to suggest Georgia law would allow this default judgment to be set aside is wholly unconvincing. *See* Doc. 5-1 at 17-20. O.C.G.A. § 9-11-60(d) provides three narrow avenues through which a party may seek to set aside a judgment against them—none apply to the default judgment entered against Wal-Mart. While Wal-Mart quotes only the first sentence of O.C.G.A. § 9-11-60(d)(3) in its brief, the full provision specifies that opening default is available upon a showing of:

> [a] nonamendable defect which appears upon the face of the record or pleadings.  Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, **but the pleadings must affirmatively show no claim in fact existed**.

(Emphasis supplied); *compare* Doc. 5-1 at 18. It is clear from the plain language of the statute, particularly the qualifying language omitted from Wal-Mart's brief, that this provision relates only to language contained within a complaint or other pleadings concerning the claim itself. Wal-Mart makes no argument that any such defect can be demonstrated "upon the face of the record or pleading," for the

7

simple reason that no such defect exists. Thus, this provision does not apply and forms no basis for setting aside the state court's default judgment.

In its bid to change the law, Wal-Mart recites irrelevant factors such as "excusable neglect" not contained within O.C.G.A. § 9-11-60 or found in applicable cases. Georgia law provides that excusable neglect may allow a party to open default, but only prior to entry of a final judgment. *See* O.C.G.A. § 9-11-55(b). However, once a judgment is final, Georgia trial courts may not set it aside on the basis of excusable neglect. *See Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (1986) ("However, once a final judgment has been entered, the trial court's discretion is far more limited, and the trial court has no discretion to allow a default to be opened for excusable neglect.") (internal citations omitted). Had the General Assembly wanted to allow parties to set aside judgments on the basis of excusable neglect, it could have included it in O.C.G.A. § 9-11-60(d) like it did in O.C.G.A. § 9-11-55(b). Instead, the legislature clearly signaled the opposite intention by including in O.C.G.A. § 9-11-60(d)(2) that "mistake" would be a basis for seeking to set aside a judgment only if "unmixed with the negligence or fault of the movant." Here, there is no such freestanding mistake. Wal-Mart was properly served with the complaint, and negligently or purposefully defaulted on the action by failing to file responsive pleadings. Wal-Mart then failed to open default at any time prior to the entry of a final judgment. What Wal-Mart now attempts to

characterize as "excusable neglect" provides no statutory basis in Georgia law for setting aside the judgment against it.

Nor does Wal-Mart provide any Georgia authority that would authorize the state court to find in its favor, making plain how desperately it seeks to remove the case to this Court. Wal-Mart cites to only two cases—both decades old—applying a *predecessor* statute (not even a current statute) for O.C.G.A. § 15-6-21 (the statute setting forth timing for superior courts to decide motions). Neither case finds any applicability. Nor does either case stand for the proposition for which Wal-Mart cites it. Contrary to Wal-Mart's argument, *Vangoosen v. Bohannon* does not hold that a default judgment may be overturned where the trial court fails to give notice to the defaulting party of the judgment entered against it. 236 Ga. App. 361 (1999); *compare* Doc. 5-1 at 19. Instead, the Georgia Court of Appeals found that the trial court erred by opening the default in the first instance, reversing and remanding to the trial court "so that it may re-enter the default judgment." *Vangoosen*, 236 Ga. App. at 361-62. The *Cambron* opinion likewise does not apply. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 147-19 (1980); Doc. 5-1 at 19. In that case, the bases for or merits of the appellant's motion for new trial were not addressed at all. Instead, at issue was the timeliness of the appellant's appeal of the trial court's order denying their motion for new trial where the trial court failed to notify either party of its order (despite intending to do so). The Supreme Court of

9

Georgia authorized the trial court's decision to set aside its judgment so it could re-enter the same order, thus triggering the 30-day deadline for the losing party to file its notice of appeal. *Id.* at 148-49. That is not at issue here. Neither case would authorize a Georgia state trial court to read into O.C.G.A. § 9-11-60(d) a nonexistent fourth avenue for setting aside the default judgment against Wal-Mart.

Finally, Wal-Mart attempts to manufacture a due process violation against it based on the notice it waived by failing to answer. Doc. 5-1 at 19-20. Wal-Mart concedes—as it must—that once a party has been served with process and thereafter fails to file responsive pleadings, there is no ongoing requirement for the trial court to continue providing notice to that party. *Winslett v. Guthrie*, 326 Ga. App. 747, 752-53 (2014) and O.C.G.A. § 9-11-5(a). The plain language of O.C.G.A. § 9-11-5(a) is unequivocal that this deemed waiver is a waiver of "**all** notices, including notices of time and place of trial and entry of judgment . . .."[3] (emphasis added). By failing to file responsive pleadings, Wal-Mart waived its entitlement to notice, including any notice concerning the entry of a final judgment against it, and such waiver provides no additional basis to set aside a default.

---

[3]     Wal-Mart acknowledges the force and effect of this provision even as it simultaneously attempts to argue that this Court should ignore the plain language of the statute. *See* Doc. 5-1 19-20 ("Further, **were it not for the second sentence of O.C.G.A. § 9-11-5(a)**, failure to provide notice of the motion for default, the hearing on the motion for default, and the hearing to determine damages would be a nonamendable defect . . .") (emphasis added).  Wal-Mart provides no basis for this Court to disregard that plain language, and demonstrates no cognizable due process violation.

10

Having waived that right, the absence of notice does not violate due process, nor does it provide a basis for Wal-Mart to set aside the judgment against it.

## II.   Wal-Mart's Neglect in Failing to Answer is not Excusable

Wal-Mart seeks to vacate the state court's default judgment pursuant to Federal Rules of Civil Procedure 60(b) and 55(c). Doc. 5-1 at 10-17. "The Court may set aside an entry of default for good cause, and it may set aside final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). That is, a default judgment may be set aside under the provisions of Rule 60(b), while an entry of default may be set aside under the provisions of Rule 55(c).

Wal-Mart cites to Rule 60(b)(1), which allows a court to set aside a default judgment based on "mistake, inadvertence, surprise, or excusable neglect." "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" *Valdez v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[T]he determination of excusable neglect is an equitable one that should take into account the totality of the circumstances surrounding the party's omission." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686

11

F. App'x 737, 744 (11th Cir. 2017). Wal-Mart fails to establish that that any good reason existed for failure to reply to the complaint.

### A. No Good Reason Exists for a Sophisticated Litigant Such as Wal-Mart to Fail to Answer the Complaint

Wal-Mart is the very definition of a sophisticated litigant, and a global retail giant. It is the world's largest retailer, with a 2023 retail revenue of $628.5 billion and more than 10,500 stores across 19 countries.[4] It makes no argument that service of process was insufficient, that assistant manager Ms. Parham was not authorized to accept service, or that its failure to answer the complaint was not attributable to its own negligent failure. Doc. 5-1. It is well established that Wal-Mart cannot rely on its own agent's errors to establish excusable neglect. *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987) ("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect."); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) ("Our Rule 60(b)(1) cases have consistently held that where internal procedural safeguards are missing, a defendant does not have a "good reason" for failing to respond to a complaint."

---

[4]    *See* https://nrf.com/research-insights/top-retailers/top-50-global-retailers/top-50-global-retailers-2024 (last visited March 27, 2025).

(internal citation omitted)); *Hensel Phelps Constr. Co. v. Drywall Sys. Inc. of S. Fla.*, 2007 U.S. Dist. LEXIS 61609, 2007 WL 2433839, at \*2 (S.D. Fla. Aug. 22, 2007) ("[I]n this matter the Complaint and Summons were properly served upon [defendant's] registered agent but [defendant] failed to establish sufficient minimum procedural measures to ensure that the process was properly forwarded and/or identified."). Wal-Mart's internal missteps and negligent handling of the litigation paperwork cannot be seriously considered "excusable" under any serious application of the law.

Wal-Mart's explanation for its failure (that an authorized employee was properly served, but that the complaint as misfiled somewhere in the office) has been squarely rejected as excusable neglect in analogous situations, interpreting excusable neglect under Rule 4(a)(5) (timely filing of a notice of appeal). The Eleventh Circuit has held that it is not excusable neglect when counsel fails to file a timely appeal because his or her office staff has misfiled the notice of appeal in their own files. *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1056 (11th Cir. 1989) ("We find, therefore, the district court abused its discretion in finding excusable neglect and granting relief under Rule 4(a)(5)."). Nor has the very experienced and sophisticated global retailer Wal-Mart established excusable neglect here, where its own employees failed to follow basic procedures to ensure

13

a timely response to the complaint. Its failure to establish excusable neglect is fatal, and the motion to set aside should be denied.

### III.    Wal-Mart has not Established a Basis for New Trial Pursuant to Georgia Law or Fed. R. Civ. Pro. 59

In a throwaway paragraph, Wal-Mart invokes a generic request for a new trial under the applicable state statues and the relevant Federal Rule 59. Doc. 5-1 at 22. It makes no effort to meet the pertinent standards, and cannot establish that the judgment and award of damages is "contrary to evidence, justice and equity" or that "the judgment and award of damages is contrary to the weight of the evidence." Doc. 5-1 at 22, citing O.C.G.A. §§ 5-5-20, 5-5-21; *compare Fladger v. Fladger*, 296 Ga. 145, 150 (2014), citing *Fine v. Fine*, 281 Ga. 850, 852-853 (2007) (explaining that where there is no transcript of an evidentiary hearing, the court will presume that evidence was presented to support the trial court's ruling). Wal-Mart presents its own best—and untested—version of evidence without any reference at all to what evidence the state court considered in reaching its award of damages. There is no transcript of proceedings in the record from which this Court could possibly weigh the evidence presented to support the judgment in this case, and Wal-Mart utterly fails to support its demand for a new trial under any applicable state or federal standard.

### CONCLUSION

Defendant Wal-Mart has improperly attempted to invoke this Court's

14

jurisdiction over a closed state court case. It further tries to forum-shop its way out of a disadvantageous state framework that will likely lead to its failure to set aside the default judgment and award of damages entered in the Superior Court of Hart County. Its litigation gamesmanship should not be rewarded. Wal-Mart fails to justify its demand to set aside the default judgment, and its motion is properly denied.

Respectfully submitted this 28th day of March, 2025.

**THE VAN DORA LAW FIRM, LLC**

Jeremiah T. Van Dora
Georgia Bar No. 798552
Post Office Box 669
Hartwell, Ga 30643
T: 706.377.4044
jvandora@vandoralaw.com

**CROSS KINCAID BAKSAM LLC**

*/s/ Anna Green Cross*
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, Ga 30030
T: 404.948.3022
anna@crosskincaid.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 28, 2025 , I electronically

filed the forgoing RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE

DEFAULT JUDGMENT, OPEN DEFAULT, OR IN THE ALTERNATIVE,

MOTION FOR NEW TRIAL with the Clerk of Court using the CM/ECF system,

which will automatically send email notification of such filing to the attorneys of

record.

**CROSS KINCAID BASKAM LLC**

*/s/ Anna Green Cross*
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, Ga 30030
T: 404.948.3022
anna@crosskincaid.com

16