# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| ANDREW L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | 3:25-cv-00033-CDL |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiff Andrew L. Williams has moved this Court to remand this closed

state court tort action back to the Superior Court of Hart County following

Defendant Wal-Mart's untimely effort to remove the no longer pending case. Doc.

9. Wal-Mart's response in opposition to Plaintiff's remand offers absolutely no

authority to support its invocation of federal jurisdiction over a case that is no

longer pending in state court, taking the matter outside the scope of 28 U.S.C. §

1441(a) ("[A]ny civil action …may be removed by the defendant …to the district

court of the United States for the district and division embracing the place where

such action **is pending**." (emphasis added). A prerequisite to any successful

removal to federal court depends on the state court case being pending at the time

of removal—a criterion that Wal-Mart simply cannot satisfy. The case is properly

remanded.

## ARGUMENT AND CITATIONS TO AUTHORITY

I.      **There is No Authority Permitting Removal of a Case that is No Longer Pending.**

Wal-Mart's response to removal does not address the fundamental problem with its attempted removal—whether removing under Section 1446(b)(1) or Section 1446(b)(3), the state court matter must be "pending" at the time a defendant files its notice. 28 U.S.C. § 1441(a); *see also Burgos v. Option One Mortg. Co.*, No. 4:18-CV-223 (CDL), 2019 WL 560280, at *4-6 (M.D. Ga. Feb. 12, 2019) (distinguishing a "pending" case where the period for appeal has not yet lapsed from a "closed" case where the appellate window had closed).

Wal-Mart contends generically that removal is permitted even after a final state court judgment, and Plaintiff agrees that in some cases that is true. *Id.*, citing *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 197 (11th Cir. 1991 (finding a case removable under Section 1441 where it was removed within the time to appeal the state court's final judgment); *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 965-66 (11th Cir. 1989) (concluding defendant was permitted to remove an action after a final judgment is entered but before the period for appeal lapses); *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 61 (11th Cir. 2006) (per curiam) (same, relying on *Jackson* and *In re Savers*). This is not such a case.

2

Those final judgments were only still "pending" such that they might still be removed because they remained subject to a potential appeal. Defendant ignores entirely the significance of the appeal potential that keeps it "pending" for removal purposes. As this Court concluded in *Burgos*, at the point where there is no longer an opportunity for an appeal in the state court matter, the case "is no longer 'pending,' and there is no longer a live case or controversy." *Burgos*, at \*5. And, as it necessarily follows, if a case is not pending, it cannot be removed. *Id*. Wal-Mart's brief misses the point—this is not about whether the statute proscribes removal "after the state court action has reached any particular point," but rather that the state court action has so definitively concluded that no path remains to revive it through appeal or otherwise.[1]

Defendant ignores entirely the significance of the state court judgment being subject to a potential appeal, and that it is the potential appeal that keeps the litigation alive. As this Court concluded in *Burgos*, at the point where there is no longer an opportunity for an appeal in the state court matter, the case "is no longer 'pending,' and there is no longer a live case or controversy." *Burgos*, at \*5. And, as it necessarily follows, if a case is not pending, it cannot be removed. *Id*.

---

[1]    The *Savers* case Wal-Mart relies so heavily upon offers no support. In that case, the time for appeal had not yet elapsed.  *See In re Savers Federal Sav. & Loan Assoc.,* 872 F.2d 963, 965-966 (1989) ("The question, then, is whether after there has been a final judgment by the state trial court, **but when the period for appeal has not yet lapsed**, a case ceases to be an 'action from a State court' which can be removed to a federal forum under section 1730(k)(1)." (emphasis added). That is not the question here, where the period for appeal has lapsed.

The timeline here precludes removal, and Wal-Mart's opposition to remand makes no real argument otherwise. At the time Wal-Mart filed its March 6, 2025 Notice of Removal, the final judgment had been entered, the case closed, and both the time for appealing the judgment (February 14, 2025) and the Superior Court's term of court (February 17, 2025) had expired.[2] *See* O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ."); § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment . . . ."); *accord* Doc. 9-4 (Final Judgment, entered Jan. 15, 2025), 9-5 (Case Disposition Form, entered Jan. 15, 2025).

Here, Wal-Mart's opportunity to appeal the judgment expired on February 14, 2025, and a new term of court for Superior Court of Hart County began on February 17, 2025—putting any effort to open default out of reach. *See* O.C.G.A § 15-6-3 (27) (providing for the terms of court in the Northern Circuit; Hart County terms of court begin on the third Monday in February and August). With the new term of court, the state court largely lost the ability to revise or open a default judgment. *See generally* O.C.G.A. § 9-11-60. Simply, the state court case was no longer pending at the time Defendant filed its Notice of Removal on March 6,

---

[2]    With the new term of court, the state court lost the ability to revise or open a default judgment outside the narrow exceptions outlined in O.C.G.A. § 9-11-60(d), none of which apply here.

2025, and therefore the case may not be removed. *Burgos*, supra.

## II.    Wal-Mart Cannot Invoke Section 1446(b)(3) Delayed Removal

Wal-Mart insists that, despite its' failure to file its removal notice within the 30-day period provided by Section 1446(b)(1), its removal was timely pursuant to Section 1446(b)(3) (subject to certain inapplicable exceptions, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Defendant, however, fails to meet its burden to demonstrate that delayed removal pursuant to Section 1446(b)(3) applies here. Preliminarily, nothing in that statute provides a defendant the right to remove a closed or non-pending case; in fact, Section 1446(a) reiterates that the right of removal is available only for a pending case. 28 U.S.C.S. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which **such action is pending** a notice of removal…"). Even traveling under a removal theory pursuant to Section 1446(b)(3), a defendant must demonstrate that the state court matter is still pending at the time of removal.

Moreover, given the explicit allegations in the complaint regarding

Plaintiff's "violent" fall, serious injuries that included compensation for past and future pain and suffering, substantial medical expenses, and lost wages/diminished earning capacity, the amount in controversy facially exceeded the $75,000 threshold. Doc. 1-1 (Compl.), ¶¶ 13-14, 17; *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (burden to demonstrate amount in controversy may be satisfied by submitting evidence or by showing that it is "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum); *see also Fowles v. TJX Co., Inc.*, No. 4:21-cv-00198-CDL, 2022 WL 188134, at *3 (M.D. Ga. Jan. 20, 2022) (after "assuming the allegations in the Complaint are true and making reasonable inferences based on common sense and experience," the court found unspecified damages in complaint that a fall with injury to the plaintiff's leg in the defendant's store seeking damages for past and future medical expenses, pain and suffering, and emotional distress on its face demonstrates the amount in controversy exceeded $75,000). Given the nature and extent of the damages and compensation sought, it was facially apparent from the complaint that the amount in controversy would meet or exceed $75,000.

The allegations of the complaint provided Wal-Mart had all of the information it required to remove the matter when it was lawfully served on August 7, 2024, putting the company on notice of the allegations of injury and damages. It did not require the final judgment and damages award to establish the

jurisdictional threshold of $75,000 had been met when it was facially apparent from the facts alleged in the complaint that the case was removeable at that time Wal-Mart was first served with the complaint. Wal-Mart lost its opportunity to remove the case by not doing so within thirty days of service, as required by Section 1446(b)(1), and its argument to avoid that result are unpersuasive.

## CONCLUSION

As courts at every judicial level have recognized, where the federal court's jurisdiction is doubtful, a case must be remanded back to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (same); *Jackson v. Bluecross & Blueshield of Ga., Inc.*, No. 4:08-CV-49 (CDL), 2008 WL 4862686 (M.D. Ga. Nov. 10, 2008) ("The Court also recognizes that removal statutes are to be strictly construed and any doubt concerning the propriety of removal should be resolved in favor of remand."). Wal-Mart has fallen far short of meeting its burden of establishing jurisdiction over a closed state court case removed pursuant to an untimely notice. Plaintiff respectfully requests that the case be promptly remanded back to the Superior Court of Hart County.

Respectfully submitted this 9th day of May, 2025.

**THE VAN DORA LAW FIRM, LLC**

Jeremiah T. Van Dora
Georgia Bar No. 798552

7

Post Office Box 669
Hartwell, Ga 30643
T: 706.377.4044
jvandora@vandoralaw.com


**CROSS KINCAID BASKAM LLC**

*/s/ Anna Green Cross*
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, Ga 30030
T: 404.948.3022
anna@crosskincaid.com

*Co-Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that  on May 9, 2025, I electronically filed the forgoing REPLY TO MOTION TO REMAND with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

**CROSS KINCAID BASKAM LLC**

*<u>/s/ Anna Green Cross</u>*
Anna Green Cross
Georgia Bar No. 306674

*Co-Counsel for Plaintiff*