```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  ATHENS DIVISION

ANDREW L. WILLIAMS,              *

      Plaintiff,                 *

vs.                             *         CASE NO. 3:25-CV-33 (CDL)

WALMART STORES EAST LP,          *

      Defendant.                 *

_____
```

## O R D E R

Andrew Williams claims that he suffered injuries after he slipped and fell at the Hartwell, Georgia Walmart. Williams brought a personal injury action against Walmart Stores East LP in the Superior Court of Hart County, Georgia. It is undisputed that a sheriff's deputy went to the store and personally served the summons and complaint on a Hartwell Walmart manager who was authorized to receive service. It is also undisputed that although Walmart has a process for transmitting legal documents served at a store to the company's legal department, the store manager who was served with the summons and complaint did not follow that process by confirming that the appropriate person received the documents.

Walmart did not answer or otherwise respond to the complaint, and the Superior Court entered a default judgment against Walmart on September 25, 2024. Following a hearing on damages, the

Superior Court entered final judgment of $3,300,304.91 in favor of Williams and against Walmart on January 15, 2025. Notice of Removal Attach 1, Judgment (Jan. 15, 2025), ECF No. 1-1 at 33. The case was closed. The deadline for filing an appeal was February 14, 2025. O.C.G.A. § 5-6-38(a). No appeal was filed. The Superior Court's new term of court began on February 17, 2025. O.C.G.A. § 15-6-3(27)(C). After Williams's lawyer sent Walmart a letter regarding the judgment dated February 17, 2025, a Walmart manager found the lawsuit papers in a file cabinet at the store.

On March 6, 2025, Walmart filed a notice of removal in this Court. Williams filed a motion to remand, arguing that removal was improper because there was no "pending" action in the Superior Court at the time of removal. The Court agrees that removal was improper for lack of a pending action in the state court. The removal statue provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action *is pending*." 28 U.S.C. § 1441(a) (emphasis added). By the time Walmart filed its notice of removal, there was no "pending" action in the Superior Court of Hart County. Pending means "[r]emaining undecided; awaiting decision <a pending case>." PENDING, Black's Law Dictionary (12th ed. 2025). The Superior Court issued a final

judgment on January 15, 2025.  The case was closed.  The time for appeal lapsed.

Walmart argues that removal is permitted after entry of a final state court judgment, relying on *In re Savers Federal Savings & Loan Association*, 872 F.2d 963 (11th Cir. 1989).  In that case, the Eleventh Circuit concluded that the Financial Institutions Supervisory Act of 1966, which allowed the Federal Savings and Loan Insurance Corporation to remove a "pending" state court action to a U.S. district court, permitted removal after entry of a final judgment but before the period for appeal lapsed.  *Id.* at 966; *accord Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 197 (11th Cir. 1991) (finding, without specifically addressing the issue, that a case was removable under 28 U.S.C. § 1441 where it was removed within the time to appeal the state court's final judgment).  So, Walmart is correct that in some cases, removal is permitted even after entry of a final state court judgment, such as when a final judgment is entered but the period for appeal has not yet lapsed.  *See Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 61 (11th Cir. 2006) (per curiam) (relying on *Jackson* and *In re Savers* and concluding that "the fact that a final judgment was entered in state court does not preclude removal in this instance," where the state court issued a final judgment on January 28, 2005, then the defendant learned of the action on February 8, 2005 and filed a notice of removal on February 15, 2005).

But Walmart did not point to any binding precedent establishing that removal is permitted after a final state court judgment is entered *and* the time for appeal has lapsed. Rather, Walmart argues that because a *pending* civil action may be removed within thirty days after the defendant receives a document from which it may be ascertained that the case is removable—up to a year after commencement of the action—removal is timely here. *See* 28 U.S.C. § 1446(b)(3), (c)(1). Section 1446 addresses the procedure for removing a "pending" state court action, and § 1441 only permits removal of a "pending" action. Once a final state court judgment is entered and the time for appeal expires, the state court action is no longer "pending," and there is no longer a live case or controversy. If an action is not "pending," then it is not an action that can be removed under 28 U.S.C. § 1441. *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 629 (11th Cir. 2019) (per curiam) (finding that post-judgment removal was improper after the time for appeal lapsed because "there was no state-court action pending at the time to remove"); c*f. In re Savers*, 872 F.2d at 966 (suggesting that if the time for appeal "had lapsed," then the removal would not have been proper).

Here, Walmart attempted to remove an action that was no longer pending. Based on this defect, removal was improper, and the Court finds that Walmart's removal of the action did not vest

4

jurisdiction over the action in this Court.  The Court therefore dismisses this action for lack of subject matter jurisdiction.

IT IS SO ORDERED, this 12th day of May, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA